## Boston v. The State.

1. The State having proved that the accused killed his wife by shooting her, disappeared for a few minutes and then returned, made manifestations of grief and said that he shot her by accident and would not have done so for the world, it was competent for him to prove that he acted consistently with this theory by going in search of an officer, overtaking him and surrendering himself, saying at the time of the surrender, and as explanatory thereof, that he had killed his wife by accident, the interval between the killing and the surrender not exceeding twenty or thirty minutes according to the indications of the evidence, though the precise time did not definitely appear. His mere declaration, made subsequent to his arrest, to the effect that the killing was accidental and that he desired to return to see the body of his wife, was inadmissible; nor was the statement of the officer to other officers on turning over the prisoner to them admissible evidence, such statement consisting of a repetition of what the accused had said on surrendering himself.

2. It is not matter of right for the accused to make a second statement to the court and jury because the State has introduced additional evidence which strengthens the case against him.

3. There was no error in the charge of the court complained of; nor was the mere failure to charge, without request so to do, any cause for a new trial.    *Judgment reversed.*

June 4, 1894.

Indictment for murder. Before Judge Bartlett. Bibb superior court. November term, 1893.

John L. Hardeman, for plaintiff in error.

J. M. Terrell, attorney-general, and W. H. Felton, Jr., solicitor-general, *contra*.

---

## Boston v. The State.

1. A declaration by the accused, in substance, that he was casually present when the homicide was committed, but that he took no part in it, and did not know that it was contemplated until after it occurred, is not a confession; and to submit to the jury the question whether it was a confession or not was error for which a new trial should have been granted. The law of confessions was not applicable to the facts