## SASSER *v.* THE STATE.

1. In so far as the act of September 5th, 1879 (Acts 1878-9, p. 381), " to prescribe the method of granting license to sell spirituous or intoxicating liquors in the county of Bulloch, and to increase the fee for the same to five thousand dollars," undertakes to make it a misdemeanor to " sell spirituous or intoxicating liquors of any kind " in that county without obtaining the license provided for by this act, it contains matter different from what is expressed in its title, and is to that extent unconstitutional.

2. It was error to refuse to quash on demurrer an indictment based upon this act and charging the accused with selling " a certain quantity of intoxicating liquor."

June 8, 1896.   By two Justices.

*Certiorari.*   Before Judge Gamble.   Bulloch superior court.   April term, 1896.

*Cason & Everett* and *Hines & Hale,* for plaintiff in error.   *B. D. Evans, Jr., solicitor-general,* contra.

LUMPKIN, Justice.

The plaintiff in error was convicted in the county court of Bulloch county upon an indictment transferred to that court from the superior court, charging him with the offense of selling intoxicating liquor without a license. He carried the case by *certiorari* to the superior court, alleging, among other things, that the county judge erred in overruling a demurrer to the indictment. It distinctly appears from the record, that the accused was prosecuted under the special act for Bulloch county which is referred to in the first head-note, and one of the grounds of demurrer was, that this act was unconstitutional for the reason that it contains matter different from what is expressed in its title, and consequently, that no prosecution could be based upon it. We therefore find it unnecessary to deal with any question in this case except the one raised with reference to the constitutionality of this special act.

This question, in our opinion, is entirely free from difficulty. As has been seen, the title of the act contains nothing in the slightest degree indicating a purpose to make penal any sale of spirituous or intoxicating liquors, or to prescribe the punishment therefor. In so far, therefore, as this act undertakes to make it a misdemeanor to sell such liquors in the county of Bulloch, it manifestly contains matter to which no reference whatever is made in its title; and consequently, this act is, to the extent above indicated, in plain violation of par. 8 of sec. 7, art. 3, of the constitution. Code, §5067.

Had the prosecution been founded upon the act of December 18, 1893 (Acts of 1893, p. 115), which makes it unlawful to sell spirituous, malt or intoxicating liquors in any county where such sale "is prohibited by law, high license or otherwise," the question would be entirely different.

The county judge erred in not sustaining the demurrer to the indictment, and the superior court erred in overruling the *certiorari*.　　　　　*Judgment reversed.*