## BURNS *v.* THE STATE.

1. Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purpose for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words "and for other purposes."
2. It was therefore constitutional to include in a local act passed in 1881, "to prescribe the method of granting license to sell spirituous or intoxicating liquors in the county of Screven, and to increase the fee for said license to ten thousand dollars, and for other purposes," a section making it an indictable misdemeanor to sell in the county named any spirituous or intoxicating liquors without having first obtained a license so to do from the proper authorities.
3. This case differs from that of *Sasser* v. *State*, 99 *Ga.* 54, in which this court dealt with a similar act relating to the sale of liquors in the county of Bulloch, the title of which, however, did not contain the words "and for other purposes."

Argued May 16, — Decided May 25, 1898.

Indictment for selling liquor. Before Judge Gamble. Screven superior court. March 14, 1898.

*J. W. Overstreet* and *Seabrook & Morgan*, for plaintiff in error. *B. T. Rawlings, solicitor-general*, by *T. W. Hardwick*, contra.

LUMPKIN, P. J. The only question presented for decision in the present case is, whether or not the local liquor act for the

county of Screven (Acts of 1880–1, p. 593), referred to in the second headnote, is, for the reason hereinafter stated, unconstitutional in so far as it undertakes to make it a misdemeanor to sell without a license spirituous or intoxicating liquors in that county.   This question was raised by a demurrer to an indictment against Burns, charging him with selling in Screven county, without a license, "a certain quantity of intoxicating liquor for a valuable consideration."   The record discloses that the indictment was based upon this special act, and the demurrer alleges that it is unconstitutional, to the extent above indicated, because it refers to more than one subject-matter, and because the body of the act contains matter different from what is expressed in its title.   The act was not attacked as unconstitutional on any other ground or for any other reason; and we shall therefore confine our decision to the precise point made by the demurrer and decided by the trial court.   The demurrer was overruled, and the bill of exceptions alleges that this was error.

The plaintiff in error relies upon the decision rendered by this court in the case of *Sasser* v. *State,* 99 *Ga.* 54, in which this court, in dealing with a similar act relating to the sale of liquors in the county of Bulloch, held that so much of the same as undertook to make it a misdemeanor to sell spirituous or intoxicating liquors in that county without a license was unconstitutional.   The only difference material to the present inquiry between *Sasser's* case and the case at bar is, that the title to the Screven county act concludes with the words "and for other purposes," whereas these words do not appear in the title of the act relating to Bulloch county.   The question therefore is: did the words just quoted warrant the insertion in the body of the Screven county act of a section making penal the sales thereby prohibited?   This court has several times had under consideration the question as to what effect should be given to the words "and for other purposes" in the title of an act.   Its last utterance upon this question is in the case of *Butner* v. *Boifeuillet*, 100 *Ga.* 743.   After careful consideration, the conclusion was reached in that case, that these words "may well include and render constitutional incidental provisions which are ger-

mane to, and bear a generic relation to, the general subject expressed in the title." The manifest purpose of the Screven county act was to prevent sales of spirituous and intoxicating liquors without first obtaining and paying for a license, the price of which was fixed at $10,000; and plainly, the ulterior object of this enactment was to prohibit such sales altogether. Certainly, this could not be more effectually accomplished than by making a sale forbidden by the act an indictable offense. Therefore the third section, which renders such a sale indictable, is germane to the general subject expressed in the title, and was manifestly designed to accomplish the end for which the act was passed. This being so, and following the line marked out in the case last cited, we necessarily reach the conclusion that the objection now urged against the constitutionality of this section is not well taken, and that the present case, for the reason above set out, is distinguishable from that of *Sasser*. The court therefore did not err in holding that the act in question was not unconstitutional for any reason alleged in the demurrer filed by the plaintiff in error.

*Judgment affirmed. All the Justices concurring.*