## HUNLEY v. THE STATE.

1. In the trial of a criminal case, it is within the discretion of the trial judge to allow either party, after having announced closed, to reopen his case for the purpose of introducing further testimony.
2. Where the charge of the court complained of contains no incorrect statement of law, this court will not consider alleged error in such charge when there is no specific assignment of error thereon.
3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

Argued June 20, — Decided July 19, 1898.

Indictment for larceny from the house. Before Judge Butt. Muscogee superior court. May 9, 1898.

Anna Hunley was indicted for stealing a ham, and was found guilty. Her motion for a new trial was overruled, and she excepted. The motion alleges, in addition to the general grounds, that the court erred:

1. In permitting the detective W. H. Gibson, a State's witness to remain in the court-room over the objection of defendant's counsel and after the rule had been invoked and ordered by the court; the solicitor-general stating to the court and asking that Gibson be allowed to remain in the court-room, as he was the man who worked up this case for the State. This occurred immediately on the first announcement of the solicitor-general that the State closed its case. And in allowing Gibson to be recalled and to testify, over objection that the State and defendant had closed the case and the prisoner's statement had been

made; the testimony so given not being in rebuttal, but being original testimony. And in allowing the same witness to be again recalled and to testify, over objection that the State and defendant had closed the case and the prisoner had made her first statement, and the State had reintroduced this witness and he had testified, and defendant had made her second statement, and both sides had closed for a second time; the testimony so given not being in rebuttal, but being original testimony. And in allowing the same witness to be recalled for a third time and to testify, over objection that the State and defendant had closed for the second time, after which second closing the State had introduced one Moore; the testimony so given by Gibson not being in rebuttal, but being original testimony. And in receiving the testimony of Moore, introduced after the case had been closed for the second time, over objection on that ground and because his testimony was not in rebuttal but was original testimony.

2. In charging the jury: "A confession, when it is extorted by the slightest hope of reward or the remotest fear of punishment, it not admissible in evidence. It must be freely and it must be voluntarily made; but if it is freely and voluntarily made, and that is a question of fact for the jury under the testimony in the case, you may take it and consider it as you would all the other testimony in the case."

*Blandford & Grimes*, for plaintiff in error.
*S. P. Gilbert, solicitor-general*, contra.

SIMMONS, C. J. 1. The trial of this case seems to have been quite irregular. The prosecution was allowed to open the case three times, and the defense twice. Still, we can not say that the trial judge abused his discretion in allowing this to be done. It may have been necessary in order to arrive at the truth in the case.

2. The charge complained of in the motion for new trial seems to us to be sound law. No specific assignment of error is made on it. The movant simply copied this portion of the charge in the motion, and alleged that it was error. Wherein the error consisted is not pointed out, but we are left to search through the entire record to ascertain whether there was error,

and, if so, what it was.   This we can not do.   Section 5530 of the Civil Code declares that "When a party desires to review the judgment of the court in granting or refusing a new trial, the plaintiff in error shall specifically set out the errors complained of."   Rule 6 of the Supreme Court (Civil Code, § 5605) declares that "Bills of exceptions must be plainly written or printed, and must distinctly specify the points on which error is assigned."   This rule was adopted for the purpose of aiding this court to ascertain the alleged error without looking through the entire record to find out in what the alleged error consisted. It was adopted for the further purpose of having the attention of the trial judge called to such rulings as were complained of and to the ground of the complaint.   The assignment of error made here *in the brief of counsel* was, that there was no evidence to authorize the charge given in regard to confessions.   Had this been true and had the attention of the trial judge been called in the proper way to the error, he could have corrected it by granting a new trial, or he may have been able to have certified that the charge was requested by counsel for the accused.   Where the charge complained of appears on its face to be free from error and no specific assignment of error is made on it, this court can not consider it.   If the error is apparent, the charge may be considered on a general complaint that it is error.   *Erskine* v. *Duffy*, 76 *Ga.* 602; *Georgia Railroad* v. *Olds*, 77 *Ga.* 673, 677.

3. The evidence was sufficient to warrant the verdict, and the trial judge was satisfied therewith.   This court, therefore, will not interfere with his discretion in refusing a new trial.

*Judgment affirmed.   All the Justices concurring.*