## SHARP v. THE STATE.

1. The accused has no legal right to make more than one statement. Whether he should be allowed to make a second statement because the State has introduced additional evidence, strengthening the case against him, is a matter which is within the discretion of the trial court.
2. Grounds of a motion for a new trial which are not approved by the presiding judge can not be considered. In the present case the grounds of the motion which were approved by the judge do not, when taken in connection with his explanatory notes, present any error.
3. The evidence was sufficient to authorize the verdict.

Argued June 18, — Decided July 10, 1900.

Indictment for murder. Before Judge Candler. DeKalb superior court. February term, 1900.

*Hooper Alexander* and *Milner & Brand,* for plaintiff in error.
*J. M. Terrell, attorney-general,* and *W. T. Kimsey, solicitor-general,* contra.

SIMMONS, C. J.    Upon an indictment for murder, Sharp was tried and convicted. He made a motion for a new trial. This motion contained eighteen grounds. Three of these were general; six of the remaining fifteen were not approved at all by the court; seven were approved with such qualifications and explanations as showed that the rulings complained of were not erroneous; one of the two remaining can not be considered, because it complained of the admission of testimony without setting forth such testimony either literally or in substance. Thus there really remains, aside from the general grounds that the verdict was contrary to law and the evidence, but one ground which it is necessary to consider.

1. The question presented by this ground is whether, after the accused has made his statement and the State has been allowed to reopen the case and introduce evidence partly in rebuttal of the statement of the accused and partly relating to new and distinct facts and not in rebuttal of the statement, it is error to refuse to allow the accused to make a supplemental statement explaining and replying to the new evidence brought out by the State. The judge's certificate would seem to indicate that the judge considered that all the evidence introduced by the State after the accused had made his statement was in

rebuttal of that statement; but, after examining the record, we think that new and distinct facts were brought out, — facts which were not in rebuttal of anything stated by the accused. Witnesses were allowed to testify as to the flight of the accused, and as to his resistance to arrest. These things were not in any respect in rebuttal of the statement of the accused. The accused was then allowed to introduce evidence, but not to make a second statement. Under the former rulings of this court, it was within the discretion of the trial judge, after the accused had made his statement and put in his evidence, to allow the State to reopen the case and prove new and independent facts to strengthen its case. *Huff* v. *State*, 104 *Ga.* 521; *Hunley* v. *State*, 104 *Ga.* 755. This court has, in several cases, ruled that it is likewise within the discretion of the trial judge to allow the accused to make a second or supplemental statement. In *Vaughn* v. *State*, 88 *Ga.* 732, the decision was as follows: "The statute gives the prisoner no right to make more than one statement. Whether he should be allowed to supplement it with another is discretionary with the court." In *Boston* v. *State*, 94 *Ga.* 590, it was held: "It is not matter of right for the accused to make a second statement to the court and jury because the State has introduced additional evidence which strengthens the case against him." In the present case the judge, in the exercise of the discretion given him, allowed the accused to introduce additional evidence in reply to that introduced by the State, but refused to allow him to make a second statement. While it would have been most proper for the judge to do this, and we would have been better satisfied if he had pursued this course, still it was a matter within his discretion, and we can not say that it was abused. If this court should ever in any case undertake to say that a judge did in such a matter abuse his discretion, it would have to be an extreme one. We certainly could not do so when the record does not disclose what the accused proposed to state if allowed to again go upon the stand, but merely, as in the present instance, that he asked leave to do so, saying that "the statement was desired only for the purpose of replying to new evidence not before the court at the time of the first statement."

2. We of course can not consider the grounds of the motion

for new trial which were not approved by the presiding judge. Of the remaining grounds, other than the general ones, one can not be considered for the reasons given in the statement of the facts of the case, and another has just been considered. The rest, when taken in connection with the judge's notes, not only present no error but present no question which it would be profitable to discuss.

3. The evidence was amply sufficient to authorize the verdict of the jury. *Judgment affirmed. All the Justices concurring.*