## KNOX *v.* THE STATE.

1. Since the law does not give to the accused in a criminal case any right to make a second statement to the court and jury, a refusal to allow such privilege is not cause for a new trial, even where the State, after the accused made his statement, introduced additional evidence strengthening its case.
2. Mere failure by one on trial for crime to call and examine as a witness his daughter who was shown to have been present at the commission of the alleged offense could in no event raise a presumption against the accused that the daughter would, if introduced, have testified unfavorably to him, when it affirmatively appeared that she was a " little girl," and did not appear that she was of sufficient age to be a competent witness. In the absence of any evidence upon this point, the failure to call and examine her was not a legitimate subject-matter of argument before the jury.
3. The erroneous ruling in the present case that the argument relating to failure to call a witness was proper was not cured by the charge given in this connection.

Argued November 20, — Decided November 30, 1900.

Indictment for murder. Before Judge Russell. Franklin superior court. October 8, 1900.

*W. R. Little* and *A. G. McCurry,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *C. H. Brand, solicitor-general,* contra.

LEWIS, J. The accused was tried and convicted in Franklin superior court, on an indictment charging him with the offense of murder. He was found guilty, with a recommendation to life imprisonment; whereupon he moved for a new trial, and excepts to the judgment of the court overruling the same.

1. One ground in the motion for a new trial is that the court erred, after the accused had made his regular statement to the jury in his defense on the trial and closed, in refusing to let him go back upon the stand the second time, to rebut the testimony of a witness who swore, after the State had closed and after defendant's statement, that defendant came to the house of witness after the killing, and said he had killed "Jule——somebody for twenty cents;" that she was not related to Jule Thompson (the deceased). The question as to whether or not one on trial for a criminal offense, as a matter of right, can make a second statement is no longer an open one before this court. It was decided that the accused has no such right, in the case of *Vaughn* v. *State,* 88 *Ga.* 732. In *Boston* v. *State,* 94 *Ga.* 590, it was decided: "It is not matter of right for

the accused to make a second statement to the court and jury because the State has introduced additional evidence which strengthens the case against him."    See also *Sharp* v. *State,* 111 *Ga.* 176.

2. Another ground in the motion is that the court erred in this: "While the solicitor-general was making his argument in conclusion to the jury he called their attention to the fact that the defendant's own daughter, Marie Knox, a little girl, was present at the homicide, and that inasmuch as the defendant had failed to introduce her as a witness they should take that as a powerful circumstance against him, and should convict. Whereupon defendant's counsel duly objected to such argument as being unauthorized and improper, and asked the court to disallow the same, and the court allowed said argument to stand, and allowed the solicitor-general to continue his argument at length on this line." We think that, under the facts developed by this record, the comment on the failure of the accused to bring his little girl into court as a witness to sustain his defense was not a legitimate subject-matter of argument before the jury, and that the court erred in not promptly correcting the solicitor-general when objection was made to such argument by counsel for the accused. The evidence tended to show that this was a little girl. There was not a particle of evidence to show that she was at all competent as a witness. Mere failure to call and examine such a person, who was present at the commission of an alleged offense, is not sufficient to raise the presumption against the accused that this person, if introduced, would have testified unfavorably to him. It should further appear that such a person was a competent witness.

3. Another ground in the motion sets forth the following written request which the court gave in charge to the jury : " In reference to some of the points alluded to in the argument, I charge you that there is no evidence before you that the girl alluded to in the argument is a competent witness ; and if a competent witness, either party has a right to introduce her as a witness, and the fact that the defendant did not introduce her testimony should have no weight with the jury in determining the guilt or innocence of the defendant." Complaint is made that the court added to that request the following : "And though the general rule is, where a party has evidence in his power by which he may repel or rebut a charge or claim against him, and fails to do so, and where in that

which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded, this presumption may be rebutted even by circumstances coming under your knowledge and observation in the course of the trial." We do not think the erroneous ruling in the present case was by any means cured by giving this request of defendant's counsel afterwards to the jury; and especially not by adding thereto the charge last quoted, which we fear was calculated to confuse the jury upon the subject.

There are other grounds in the motion for a new trial, but they are not of sufficient merit to require consideration. The judgment of the court refusing a new trial is reversed, because of the error set forth in the second headnote.

*Judgment reversed. All the Justices concurring.*

SIMMONS, C. J. I concur in the judgment of reversal, for the reasons given by me in my dissenting opinion in the case of *Railroad Company* v. *Morrison*, 102 *Ga.* 327.

LITTLE, J. I concur in the judgment rendered in this case; but for reasons which are altogether different from those assigned in the opinion of the court, as well as those given by the Chief Justice. It is altogether legitimate, I think, for the State's counsel, in presenting to the jury, in the trial of one charged with crime, his reasons why a verdict of guilty should be returned, to comment on the fact that the evidence introduced showed that a particular person was present at the time it is alleged that the offense was committed, and was therefore acquainted with the facts which it is alleged constitute the offense, which person by reason of age and relationship is peculiarly under the control of the accused, that the evidence showed such person to be accessible, and that she was not produced as a witness;—not for the purpose of contending that the accused should be convicted because of the non-production of the witness, but on the line that the evidence, if presented, might make plain any fact left in doubt by the evidence introduced; and that the withholding of such evidence is a circumstance which the jury might consider in determining the weight or truth of certain evidence produced. The argument of counsel and his reasons are not obliged to be accepted by the jury. There is nothing authoritative about the argument; at the most, it is only persuasive. It is supposed to be reasoning on the law and the facts to assist the jury to arrive at the desired result, the truth. And while the accused must

not, in any case, be convicted on account of the absence of evidence which could be produced, it is nevertheless a fact that the evidence produced is frequently weakened, to a certain extent at least, when it appears that there was other evidence bearing on the facts in issue, accessible to the party, which he deliberately failed to bring into court. And while a conviction can only legally be had when it is the result of competent evidence, yet when it is proved that there is other evidence in the control of the accused which would, if it had been introduced, explain any doubtful question at issue, the fact that there is other evidence is one of the facts in the case, and as such, counsel has a right to comment on its absence and to draw inferences thereon. But if in doing so he seeks to have the jury draw unauthorized conclusions, the judge should, in the interest of a fair trial, so charge the jury in relation thereto as to protect the rights of the accused; and when properly requested, I think he is legally bound to do so.

In this case, after giving a written request, the judge charged the jury as follows: "And though the general rule is, where a party has evidence in his power by which he may repel or rebut a charge or claim against him, and fails to do so, and where in that [?] which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded, this presumption may be rebutted even by circumstances coming under your knowledge and observation in the course of the trial." This charge, I think, was error. While presumptions arise under certain proved facts that a criminal charge against the accused is well founded, such presumption can never arise except from proved facts; and the principle given to the jury is, in my opinion, entirely inapplicable to criminal cases. In effect, it tells the jury that if the defendant had evidence by which he might repel or rebut the charge and failed to introduce it, the presumption then arises that he is guilty. This violates the fundamental principle of criminal law that the guilt of the accused must be shown by competent evidence, before a conviction can be legally had. One accused of crime has a right to stand mute, and unless it affirmatively appears by the evidence that he is guilty, he can not be legally so held. The presumption of law is that he is innocent, and this presumption remains until he is proved to be guilty. While these principles are true and sound, they do not contravene, as I think, the right of counsel to comment on the fact

that the defendant, according to the evidence, is withholding a witness who might make plain something which is doubtful, and this fact goes to the jury, with others, as part of the evidence, and may explain, add to, or detract from the facts to which other witnesses have testified.