## HART v. THE STATE.

The act of December 16, 1897, "to amend section 413 of the Penal Code" of this State, is not unconstitutional in that it "contains matter different from what is expressed in the title thereof."

Argued June 17,—Decided July 20, 1901.

Indictment for permitting minor to play pool. Before Judge Felton. Bibb superior court. June 5, 1901

*Robert Hodges,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

LUMPKIN, P. J. The question upon which this case turns is whether or not the act of December 16, 1897, which declares a purpose to amend section 413 of the Penal Code, is unconstitutional, in that it " contains matter different from what is expressed in the title thereof." See Acts of 1897, p. 37. That section reads as follows: " An owner, or person controlling a billiard-table, or ten-pin alley, who shall permit any minor to play or roll on the same, without the consent of the parent or guardian, shall be guilty of a misdemeanor." The title of the amending act discloses that the legislative intent was to pass " an act to amend section 413 of the Penal Code . . so as to make said section apply to any owner or owners, or persons controlling any pool-table in this State, by adding after the words ' billiard-table ' and before the words ' or ten-pin alley,' in the second line of said section 413, the following words, to wit: ' pool-table,' *and for other purposes."*

The enacting clause, after providing that this amendment to the above-mentioned code section shall be made, proceeds to declare that " said section, when thus amended, shall read as follows: Any owner or owners, or persons controlling billiard-table, pool-table, or ten-pin alley, that shall or may permit any minor to play or roll on the same, without the consent of the parent or guardian, shall, on conviction of the same, be fined in a sum not to exceed one hundred dollars for each and every offense, or imprisonment twenty days, or both, at the discretion of the court." As is obvious, the proposed amendment was not such as would make " said section, when thus amended," so read. But as the legislative intent is clear that the amendment referred to *should* bring about the result stated, effect must be given to such intent. *Gilbert* v. *Georgia Railroad Co.,* 104 *Ga.* 412; *Ryle* v. *Wilkinson County,* Ibid. 476. The inquiry therefore arises: Was so sweeping a change in the provisions of the code section sought to be amended authorized by the title of the amending act? Its title gave notice that a statute was to be enacted, not only with a view to introducing into the code section the words "pool-table," but " for other purposes." " Provisions

germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purpose for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by use of the words 'and for other purposes.'" *Burns* v. *State*, 104 *Ga.* 544. It follows that, in passing the statute now under consideration, "any legislation could constitutionally be embodied in the act which was germane to the general subject of amending the " code section to which its title made reference. *Mayor of Macon* v. *Hughes*, 110 *Ga.* 795–6. The controlling question which the case now in hand presents for our determination therefore is: Were all the changes wrought in that section by the enacting clause of the above-cited act of 1897 "germane to the general subject-matter embraced in the title" thereof?

On the argument here our attention was called to the fact that in the body of this act the General Assembly undertook to prescribe an entirely new and essentially different punishment; and counsel for the plaintiff in error strenuously insisted that, as the title of the amending act made no mention whatever of any such proposed change in the law as it previously stood, the statute should be declared wholly inoperative and of no effect. We think otherwise. Our conclusion is supported, if not constrained, by several adjudications of this court. See cases cited in *Mayor of Macon* v. *Hughes*, supra. A decision peculiarly in point was rendered in the case of *Plumb* v. *Christie*, 103 *Ga.* 700. There an act relating to the sale of intoxicating liquors in Terrell county was upheld, notwithstanding it was attacked as unconstitutional " because in the title there was no allusion to the penalty provided for in the body of the act for a violation of its terms." The case of *Brown* v. *State*, 73 *Ga.* 38, in which this court made a similar ruling, was cited approvingly. The title of the act therein referred to stated its purpose to be " to provide for the collection of the special taxes imposed by law on dealers in spirituous or malt liquors, or intoxicating bitters, and for other purposes;" and this title was held to be broad enough to cover a provision in the body of the act declaring that a dealer who failed to pay his tax should be punished as for a misdemeanor. To the same effect, see *Burns* v. *State*, 104 *Ga.* 544, hereinbefore cited, wherein it was said: "This case differs from that of *Sasser* v. *State*, 99 *Ga.* 54, in which this court dealt with a similar act relating to

the sale of liquors in the county of Bulloch, the title of which, however, did not contain the words 'and for other purposes.'" For a like reason, the present case is distinguishable from that of *Johnson* v. *Jones*, 87 *Ga.* 85, upon which counsel for·the plaintiff in error mainly relied. There are other cases in which certain legislative enactments have been held to be violative of the above-mentioned constitutional inhibition. *McDuffie* v. *State*, 87 *Ga.* 687 ; *Crabb* v. *State*, 88 *Ga.* 584 ; *Elliott* v. *State*, 91 *Ga.* 694; *Dempsey* v. *State*, 94 *Ga.* 766 ; *Frazier* v. *Georgia Railroad Co.*, 101 *Ga.* 77 ; *Harris* v. *State*, 110 *Ga.* 887. But suffice it to say that, if the statutes therein dealt with be examined in the light of the foregoing discussion, it will readily be perceived that nothing ruled in any of these cases militates against the decision herein announced.

*Judgment affirmed.    All the Justices concurring.*