### PEAVY *v.* THE STATE.

1. A ground of a motion for a new trial assigning error upon a refusal to allow the accused, after retiring from the stand, to "go back again and state a matter which he neglected and omitted to state," is in any view without merit when it fails to disclose what additional statement the accused desired to make.

2. In a criminal case the accused can not demand as matter of right the privilege of making a second statement for the purpose of rebutting evidence offered by the State after the conclusion of the original statement.

3. There was sufficient evidence to warrant the verdict, and it does not appear that the court erred in overruling the motion for a new trial.

Argued November 19, — Decided December 10, 1901.

Indictment for murder. Before Judge Candler. Dooly superior court. September 23, 1901.

*Busbee & Busbee,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *F. A. Hooper, solicitor-general,* contra.

LEWIS, J. Peavy was tried under an indictment charging him with the murder of Ford, and was convicted. He made a motion for a new trial, which was overruled, and he excepted.

1, 2. The amendment to the motion for a new trial contains only two grounds, and these may be considered together. The first alleges that the court erred in refusing to allow the defendant, after he had made his statement and left the stand, to "go back again and state a matter which he neglected and omitted to state," and the second assigns error upon the refusal of the court to allow the accused to make a second statement, intended to rebut the evidence of a witness who testified to a new and distinct matter after the original statement of the accused had been made. It does not appear what it was that the accused neglected to say in his original statement, which he desired to supply by an additional statement, nor does it appear in the motion what the new testimony was which he wished to rebut by an additional statement. In the absence, therefore, of any showing that the rulings of which complaint is made injuriously affected the rights of the accused, there is no merit in either of these two grounds of the motion. But, even if the motion for a new trial had set forth distinctly what the matter was which the court below refused to allow to go to the jury, it is well settled that the accused in a criminal case is not entitled, as a matter of right, to make a second statement to the jury. *Cochran* v. *State*, 113 *Ga.* 741, and cases cited. And it is immaterial that the additional statement sought to be made is in rebuttal of additional testimony offered in behalf of the State on a new and distinct phase of the case. *Sharp* v. *State*, 111 *Ga.* 177.

3. The only remaining grounds of the motion for a new trial are those which complain that the verdict was contrary to law and the evidence. A careful review of the brief of evidence contained in the record leads us to the conclusion that there is no merit in this contention. There was ample testimony to warrant the jury in finding that the accused, with no shadow of justification, deliberately and cruelly murdered the deceased; and we can not, therefore, set aside the judgment of the court below on these grounds.

*Judgment affirmed. All the Justices concurring.*