### 4435.  JONES *v.* THE STATE.

1. The indictment was for assault with intent to murder. Under the evidence, the accused can not complain of an omission of the trial judge to instruct the jury that he might be convicted of the lesser offense of "stabbing," for the charge of the court was more favorable to him than an instruction to that effect would have been, in that the jury were instructed that unless they were satisfied that the assault was made with the specific intent to kill, the accused should be acquitted.

2. "Since the law does not give to the accused in a criminal case any right to make a second statement to the court and jury, a refusal to allow such privilege is not cause for a new trial, even where the State, after the accused made his statement, introduced additional evidence strengthening its case." *Know* v. *State*, 112 *Ga.* 373 (37 S. E. 416). "If this court should ever in any case undertake to say that a judge did in such a matter abuse his discretion, it would be an extreme one." *Sharp* v. *State*, 111 *Ga.* 177 (36 S. E. 633).

                    DECIDED JANUARY 22, 1913.

Indictment for assault with intent to murder; from Chatham superior court—Judge Charlton. August 24, 1912.

*Twiggs & Gazan,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

RUSSELL, J. The accused was convicted of assault with intent to murder, and assigns error upon the refusal of the trial judge to set aside this verdict and grant a new trial. There is no contention

that the evidence in the record does not authorize the verdict; but two assignments of error are relied on: (1) that the court erred in failing to charge the jury that they might, in their discretion, convict the accused of stabbing, a verdict for which (as contended) would have been warranted, if the jury were not satisfied that the evidence showed a specific intent to kill; and (2) that the refusal of the trial judge to permit the accused to make a second or supplemental statement was an abuse of discretion, under the facts of the particular case.

1. The court charged the jury that to authorize a conviction it was essential that they should be satisfied, beyond a reasonable doubt, that the assault was made with the specific intent to kill. The effect of this instruction, in the absence of a charge to the effect that the accused might be convicted of stabbing, was to compel the jury to acquit the accused unless they were satisfied by the evidence, to the exclusion of reasonable doubt, that the assault was made by the defendant with an intent to kill. This can not be said to be error prejudicial to the accused, for the instruction was favorable to him. We agree with learned counsel for the plaintiff in error that the evidence would have authorized a verdict of stabbing, but the defendant did not request an instruction defining that offense and ask that the jury be told, if they were satisfied that the defendant did the cutting, but not with an intent to kill, he would only be guilty of stabbing. The plea of not guilty puts in issue every material allegation in the indictment. It not only raises an issue as to every fact and inference which may tend to support the specific charge upon which the defendant is being tried, but also contests the existence or legal efficacy of every fact which may tend to convict him of any minor offense which may be included in the offense laid in the accusation. But if, as in the present case, it is manifest from the evidence that the real issue upon the trial is as to the identity of the offender, or the possibility of the prisoner's opportunity to commit the alleged offense, the accused, who denies any sort of participation in the alleged criminal act, and stands upon that defense alone, can not complain if the trial judge does not, of his own motion, suggest to the jury possible conclusions from the evidence, legally authorized, which may indeed tend to mitigate the penalty if the prisoner is guilty, but which are utterly incompatible with his innocence and wholly at variance with the defense presented by his plea of not guilty.

Under the evidence in this record, the defendant might have been convicted of stabbing, and the verdict could be upheld, although the trial judge did not charge upon that offense. *Spence v. State,* 7 *Ga. App.* 825 (68 S. E. 443) ; *Register v. State,* 10 *Ga. App.* 623 (74 S. E. 429). Perhaps the judge would not have erred if he had charged (even without a request) that if the jury believed, from the evidence, that the defendant made the assault, but without any intention to kill the person assailed, or if they were not satisfied as to what was his intent, the defendant could not be found guilty of assault with intent to murder, but might be convicted of stabbing. But even though the evidence in any case authorizes conviction of a minor offense, akin to the graver charge laid in the indictment, because such offense is included within such greater crime, still we certainly can not hold that it is error, so prejudicial to the defendant as to require the grant of a new trial, if the judge omits to refer to the right of the jury to consider the evidence upon the question of the defendant's guilt of an offense which the indictment did not charge.

2. As to the contention that there was an abuse of discretion in failing to permit the defendant to make a supplemental statement to the court and jury: We agree with counsel for the plaintiff in error that there may be cases in which justice might be defeated by denying to the accused the right to make a second statement—as in the supposititious cases so vividly depicted by counsel in their brief. But, as ruled by the Supreme Court in *Sharp v. State,* 111 *Ga.* 177 (36 S. E. 633), it must be a very extreme case—an apparent and gross abuse of discretion—before we would be authorized to adjudge that the trial court had abused its discretion in this respect. The present record does not disclose such an instance. It is true that the witness introduced by the State after the defendant had made his statement testified to incriminatory circumstances and to an admission by the accused that he was at the florist's (Stevenson's) late at night, as testified to by the prosecutor. But as the very first sentence of the defendant's statement was that on the Saturday night to which this testimony referred, he "was not out on Mr. Stevenson's place," the subsequent testimony to the effect that he had admitted being at Stevenson's place was merely a rebuttal of his own statement, impeaching in its nature. So far as the testimony as to the admission was not purely impeaching, it

was strictly in rebuttal; and it can not be said that the trial judge erred in not permitting the defendant to repeat that he had not been at Stevenson's that night.

The accused had already introduced evidence as to his good character, and therefore presented an issue which made this testimony evidence in rebuttal, so far as that phase of the case was concerned. As was held in *Knox* v. *State,* 112 *Ga.* 373 (37 S. E. 416), refusal to allow the defendant in a criminal case to make a second statement is not cause for a new trial, even where the State introduces additional evidence strengthening its case, after the accused has made his statement. In the *Knox* case a witness testified, after the defendant made his statement, that the accused had admitted to her that he killed the deceased. In the *King* case, 99 *Ga.* 54 (25 S. E. 613), it was held that one accused of crime may make his statement at any stage of the trial before the case is finally closed. As the statute gives the accused no right to make more than one statement, whether he should be allowed to supplement it with another is a matter of discretion with the trial court. *Long* v. *State,* 88 *Ga.* 732 (16 S. E. 64) ; *Sharp* v. *State,* 111 *Ga.* 176 (36 S. E. 633) ; *Cochran* v. *State,* 113 *Ga.* 741 (39 S. E. 337) ; *Dixon* v. *State,* 116 *Ga.* 186 (42 S. E. 357), and other cases. In *Sharp* v. *State,* supra, the Supreme Court held that it would not interfere with the discretion of the trial judge in refusing to allow a supplemental statement, though the State did not introduce testimony after he had finished his statement. And in that case the Supreme Court said, "If this court should ever, in any case, undertake to say that a judge had in such a matter abused his discretion, it would certainly have to be an extreme one." See, also, *Miliken* v. *State,* 8 *Ga. App.* 478.          *Judgment affirmed.*

HILL, C. J., concurring. I think the evidence demanded the verdict, and that the judge should not have charged the law of stabbing.

POTTLE, J. I dissent, because I think the law of stabbing was involved, and that it was error to so charge as to exclude that offense from the consideration of the jury.