### 11156.  NEWBERRY v. THE STATE.

BROYLES, C. J.   1. It does not appear that the judge abused his discretion in overruling the defendant's motion for a continuance, based upon the absence of a witness.  Upon the hearing of the motion it appeared that the defendant had previously obtained one or two continuances of the case because of the absence of witnesses; and, further, in the state of the record, it does not appear that the testimony of the absent witness was material.

2. Under the ruling in *Mitchell* v. *State*, 71 *Ga.* 128 (4 *a-b*), the court did not err in admitting the testimony of a witness as to what another witness (since deceased) swore on the defendant's commitment trial, the witness stating that he remembered the substance of the deceased witness's testimony as given on that trial.

3. " 'It is not a matter of right for the accused to make a second statement to the court and jury because the State has introduced additional evidence which strengthens the case against him.' *Boston* v. *State*, 94 *Ga.* 590 (21 S. E. 603); *Knox* v. *State*, 112 *Ga.* 373 (37 S. E. 416).   Whether he should be allowed to supplement his first statement with another is discretionary with the trial court.   *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357)." *Williams* v. *State*, 138 *Ga.* 825 (76 S. E. 347).  Under this ruling and the facts of the instant case it does not appear that the judge abused his discretion in refusing to allow the defendant to make a second statement.

4. There is no substantial merit in that ground of the motion for a new trial which complains that the court erred in allowing a witness to testify as follows:  "Yes, I know William Henry Parks, I know his general character, I would say it is above the average negro; from his character I would believe him in a court of justice;" the ground of objection being that the "testimony was not within the statutory provisions."

5. The charge of the court was full and fair, and substantially covered the law of the case.   If more particular instructions upon any feature of the case were desired by the defendant, a timely and appropriate written request therefor should have been tendered.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Indictment for burglary; from Marion superior court — Judge Howard.   November 7, 1919.

*W. B. Short, George P. Munro,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.