### SMITH v. THE STATE.

HILL, J. 1. The motion to continue the case is without merit, being substantially the same as in the case of *Evans* v. *State*, ante, 261.

2. Grounds of the motion for new trial assigning error on admitting certain testimony are substantially the same as in the case of *Evans* v. *State*, supra, and are without merit.

3. The evidence in this case is substantially the same as in the case of *Evans* v. *State*. The two cases were argued together. In addition to the evidence in that case, which showed that all of the five defendants who were indicted were at the place of the homicide when it was committed, there is in the present case evidence of certain witnesses, who testified to *threats* made by the defendant against the life of the deceased. The admission of this evidence over objection was not error. It had some probative value as to motive, and was not inadmissible on account of the lapse of time (about one year or more) between the making of the threats and the time of the homicide. *Shaw* v. *State*, 60 *Ga.* 246 (2); *Everett* v. *State*, 62 *Ga.* 65 (2).

4. Where, on the trial of one charged with murder, the defendant made a statement in his own behalf, a refusal to allow the defendant to make an additional statement can not be held erroneous, where the motion for new trial fails to disclose what additional statement the accused desired to make. *Peavy* v. *State*, 114 *Ga.* 260 (40 S. E. 234).

5. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 6429. NOVEMBER 14, 1928.

*Meredith & James,* for plaintiff in error.

*George M. Napier,* attorney-general, *George D. Anderson,* solicitor-general, *T. R. Gress,* assistant attorney-general, *Howard Tate,* and *Roscoe Pickett,* and *William M. Howard,* contra.