## KAIGLER *v.* BOARD OF COMMISSIONERS OF QUITMAN COUNTY.

No. 8762.   MAY 14, 1932.

*Linton B. West* and *H. A. Wilkinson,* for plaintiff.
*James W. Harris,* for defendant.

BECK, P. J.   On January 1, 1929, G. O. Kaigler was elected for a term of four years as clerk to the board of commissioners of roads and revenues of Quitman County.   His election was authorized by section 11 of the act of 1919 (Ga. Laws 1919, p. 736), which provides that he may be discharged before the expiration of the four-year term by the commissioners, for neglect of duty, for inefficiency, or for immoral conduct not becoming an officer.   On August 26, 1931, an amending act was passed (Ga. Laws 1931, p. 553), the third section of which provides that "the clerk of said board of roads and revenues shall hold his office at the pleasure of said board of roads and revenues, and shall be discharged or removed at any time a majority of said board see fit."   On October

6, 1931, the board of roads and revenues passed a resolution as follows: "It is ordered and resolved that this meeting be adjourned until October 20, 1931, at which time the office of clerk of said county commissioners be declared vacant and a successor to the present clerk be elected, it being understood that he is to continue in his present capacity until this date." Kaigler alleges that section 3 of said act of 1931 is unconstitutional and void, for the reason that it violates that provision of the constitution of this State which prohibits the passage by the General Assembly of an act containing matter variant from that expressed in the title. In his petition for injunction he asked that the board be enjoined from passing any act, ordinance, or resolution removing him as its clerk. The defendants filed an answer and a demurrer. The court refused an injunction, and the petitioner excepted.

The act of 1919 (supra) was passed to amend an act entitled "An act to create a board of commissioners of roads and revenues for the County of Quitman," and acts amendatory thereof. In 1929 (Ga. Laws 1929, p. 697) the General Assembly passed an act entitled "An act to amend an act of the General Assembly, approved August 19, 1919, as shown by Georgia Laws of 1919, at pages 736 to 741, so as to increase the number of county commissioners of Quitman County," etc. On August 26, 1931, another amendatory act was passed (Ga. Laws 1931, p. 553). · The caption of this act was "An act to amend section two of Georgia Laws found on page 697 of the Acts of 1929, so as to provide that the board of roads and revenues of Quitman County shall consist of five members instead of four, two members from the Georgetown Militia District, to provide when and by whom the fifth member of said board is to be elected; and for other purposes." Section 3 of the act of 1931 reads as follows: "Be it further enacted, that the clerk of said board of roads and revenues shall hold his office at the pleasure of said board of roads and revenues, and shall be discharged or removed at any time a majority of said board sees fit."

A controlling question in this case is, whether or not section 3 of the act of 1931 is violative of article 3, section 7, paragraph 8, of the constitution of this State (Code, § 6437), wherein it is declared that no law shall pass which contains matter different from what is expressed in the title thereof. This section of the

act of 1931 is not repugnant to this paragraph of the constitution. Of course the purpose of the paragraph of the constitution last referred to was to prevent the passage of a law which is not indicated in a general way in the title of the act. "Its object was not to prevent comprehensive, but surreptitious legislation." *Central of Georgia Ry. Co.* v. *State,* 104 *Ga.* 831, 846 (31 S. E. 531, 42 L. R. A. 518). But when we consider that the act of 1931 was amendatory of another act which was amendatory of the act creating the board of commissioners of Quitman County, we are of the opinion that the clause "and for other purposes," at the end of the title to the act of 1931, is sufficiently comprehensive to cover a legislative enactment in regard to the clerk of the board. It is true that there is nothing in the caption of the act of 1931 which expressly refers to the office of clerk of the board, or his tenure of office, or his removal; but an act entitled an act to create a board of commissioners for a named county would itself be broad enough to cover the subject of the appointment and removal of a clerk; and an act amendatory of another act which amends the original act does not contain matter entirely foreign to the general act when it makes provision in reference to an officer of the board, when the caption to the last amendatory act contains the clause "and for other purposes." The last amendatory act, that is, the act of 1931, makes provision for the increase of the number of members of the board from four to five; and the caption concludes, as we have pointed out above, with the words "and for other purposes." Considering the relation of this act to the preceding acts and the original act first referred to, it can not be held that the subject of the removal of the clerk of the board was not germane to the matter expressly set forth in the caption. In the case of *Martin* v. *Broach,* 6 *Ga.* 21 (50 Am. D. 306), it was held: "Where the title specifies some of the objects for which the statute was passed, and contains this general clause, 'and for other purposes therein contained,' portions of the act not specially indicated in the title are nevertheless good under this general clause." This ruling covers the question which we have here now. It may be, in the light of later decisions, that the ruling just quoted is perhaps too broad and general, but when applied to the facts of this case we think it is sound; that is, applied to an amendatory act of an amendatory act creating a

852

board of commissioners and an amendment thereto relating to the removal of the clerk of the board. In *Burns* v. *State,* 104 *Ga.* 544 (30 S. E. 815), it was said: "Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purpose for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words 'and for other purposes.'" In *Sayer* v. *Brown,* 119 *Ga.* 539, 544 (46 S. E. 649), it was held: "In determining whether an amendatory statute contains matter different from that which is expressed in its title, the title of the original statute may be considered." As pointed out above, the act of 1931 amended the act of 1929, and this latter act amended that of 1919, and that amended the creating act of 1873; and therefore we think that the title of the last amendatory act should be considered in the light of the fact that it has a certain relation to the original act through the other amendatory amendments. In *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464), there is a discussion by Mr. Justice Atkinson and a citation of authorities which is illuminating and which very strongly tends to support the conclusion which we have reached in this case.

*Judgment affirmed. All the Justices concur, except Hines, J., absent for providential cause.*