## 36416. PHILLIPS v. THE STATE.

DECIDED OCTOBER 31, 1956.

John A. Frazier, Jr., for plaintiff in error.

Chastine Parker, Solicitor-General, James Maddox, contra.

GARDNER, P. J. 1. The evidence is somewhat lengthy, much of it concerning the relationship of the parties previous to the shooting. Suffice it to say that there is sufficient evidence to sustain the findings of the jury. The jury were able to see the principals in the case, the witnesses, and to arrive at an impartial verdict. The contentions of counsel for the defendant are not a basis for reversal on the general grounds.

2. Special ground 1 assigns error because the court refused to allow the defendant to make a supplemental statement, over objections of the solicitor-general. A reading of the material which was sought to be brought out by the supplemental statement discloses that substantially the same evidence had been brought out in other testimony,—which testimony was elicited in a more direct manner. In our opinion this additional statement would have added nothing material to the defense. Tolbert v. State, 12 Ga. App. 685 (78 S. E. 131). It is within the discretion of the court to determine whether or not a defendant shall be allowed to make

a supplemental statement. *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357). To be allowed to make a supplemental statement is not a matter of right for the defendant. *Newberry* v. *State*, 25 *Ga. App.* 30 (102 S. E. 368) and *Drury* v. *State*, 211 *Ga.* 888 (89 S. E. 2d 513) relied upon by counsel for the plaintiff, concern allowing or disallowing material contained in a defendant's statement. We have examined the original record of those cases, and find that the facts are in no wise similar to the facts in the instant case, and therefore are not cause for a reversal of the instant case. This special ground shows no cause for reversal.

3. Special ground 2 assigns error because the court refused to admit testimony regarding a fight not involved in the instant case. The record shows that this ground concerns a matter never ruled upon directly by the court. Counsel discussed the proposition as to what he could prove by one Myrtice Hightower but he did not produce the witness. In the absence of a direct ruling by the court upon which exceptions could be based, there is nothing for this court to do except decide that this special ground is not properly before this court, and therefore, has no value as a basis for a reversal.

4. Special ground 3 assigns error because the court refused to charge as follows: "On trial for assault with intent to murder by use of deadly weapon, burden is on State to show (1) the assault, (2) deadly character of weapon, (3) intent to take life, and (4) commission of assault under such circumstances that had death ensued, party making assault would have been guilty of murder." A reading of the full charge of the court will disclose that this was fully covered elsewhere, and the trial court did not err in refusing to charge as requested. This ground shows no cause for reversal.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*