### 22256. MIKELL v. MIKELL.

DUCKWORTH, Chief Justice. Provisions germane to the general subject matter embraced in the title of an Act, and which are designed to carry into effect the purpose for which it was passed, even though not expressed in the caption otherwise than by the use of the words "and for other purposes," may be constitutionally enacted therein, and it is not subject to attack as violative of *Code Ann.* § 2-1908 (Const. of 1945, Art. III, Sec. VII, Par. VIII) as containing matter different from what is expressed in the title. *Martin v. Broach,* 6 Ga. 21 (50 AD 306); *Board of Public Education &c. of Americus v. Barlow,* 49 Ga. 232; *Black v. Cohen,* 52 Ga. 621; *Butner v. Boifeuillet,* 100 Ga. 743 (28 SE 464); *Burns v. State,* 104 Ga. 544 (30 SE 815); *Inter-city Coach Lines, Inc. v. Harrison,* 172 Ga. 390, 394 (157 SE 673). Certainly the proviso in the Act of 1962, which is an amendment to the Code section relating to the capacity of persons to contract for marriage, as amended, to raise the legal age limits of applicants, is not unconstitutional because it states that no age limitations shall apply in case of pregnancy on the part of the female even though the purpose of the amendment is stated in the caption to raise the age limit generally. It follows that the lower court did not err in overruling the motion to dismiss the petition for divorce based upon the ground that the marriage contract is void since the defendant was under age and could not have married the petitioner except for the Act which is here attacked as being unconstitutional.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1963—DECIDED JANUARY 10, 1964.

*Charlton E. Clark,* for plaintiff in error.
*Edward J. Goodwin,* contra.