## BURGE *v.* THE STATE.

1. Grounds of a motion for new trial which are not referred to in the brief of counsel for the plaintiff in error will be considered as abandoned.
2. Applications for new trial on the ground of newly discovered evidence are not favored; and before a new trial will be granted on this ground, the affidavits of the witnesses by whom the new facts are to be proved should be produced or satisfactory reasons given for their non-production, and it must also appear that the newly discovered evidence is not cumulative only nor solely to impeach the credit of a witness, and that the probable effect thereof, if another trial be had, will be to produce a different verdict.
3. The evidence warranted the verdict, which has the approval of the trial judge.

Submitted October 18,—Decided November 17, 1909.

Indictment for murder.  Before Judge Gilbert.  Fulton superior court.  July 16, 1909.

*Clinton P. Thompson,* for plaintiff in error.

*John C. Hart, attorney-general, C. D. Hill, solicitor-general, D. K. Johnston,* and *W. M. Smith,* contra.

EVANS, P. J.  George E. Burge was convicted of the murder of his wife, Lovie Burge, and sentenced to be hanged.  In his motion for a new trial he alleged that the verdict should be vacated and a new trial ordered, for the reasons, that the verdict was against the weight of the evidence and without evidence to support it; that certain evidence was illegally admitted; and because of newly discovered evidence.  His motion was denied, and he excepts.

1.  In the brief filed by the plaintiff in error no reference is made to the assignment of error relating to the alleged error in allowing certain testimony.  This court has repeatedly ruled that the grounds of a motion for new trial not referred to in the brief of counsel for the plaintiff in error will be considered as abandoned. *Holmes* v. *State,* 131 *Ga.* 806 (63 S. E. 347).

2.  The accused contends that he should be given another trial on account of newly discovered evidence.  One of the witnesses

whose testimony was relied on by the prosecution was Frank
Brittain, the fifteen-year-old son of the deceased by a former mar-
riage. In his motion for new trial the defendant says that since
the trial he has discovered that R. M. Justice will testify that he
was the first person to arrive at the scene of the killing and in a
few minutes thereafter Frank Brittain told him that he did not
know who killed his mother. He has also discovered since the
trial that V. J. Palmer will testify that Frank Brittain worked
under his superintendence at the blacksmith-shop of the Seaboard
Air-Line Railway; that on the evening of the killing he passed the
house of the deceased and overheard the deceased quarrelling with
her son, Frank Brittain, about his wages; that he heard Frank
Brittain say, "If I don't draw my own wages, I'll be damned if I
don't hurt somebody;" to which the deceased replied, "I am
going to draw your wages myself; and if you don't go on to work
and let me draw the wages, I will send you back to the reform-
atory," when Frank Brittain said, "I'll be damned if you draw my
wages; I'll kill somebody first." No affidavits of Justice or Palmer
are attached to the motion, nor does it appear therefrom how the
accused got his information that these persons would testify as he
claims they would. In the case of *Berry* v. *State,* 10 *Ga.* 511, it
was held that it is incumbent on a party who asks for a new trial
on the ground of newly discovered evidence to satisfy the court:
(1) that the evidence has come to his knowledge since the trial;
(2) that it was not owing to the want of due diligence that he did
not acquire it sooner; (3) that it is so material that it would prob-
ably produce a different verdict; (4) that it is not cumulative only;
(5) that the affidavit of the witness himself should be procured
or its absence accounted for; and that a new trial will not be
granted if the only effect of the evidence will be to impeach the
credit of a witness. On the trial the State produced as witnesses
Frank Brittain and his sister (who was thirteen years old), who
testified that they were in the room at the time their mother was
slain by the accused. They were corroborated in several important
particulars by other witnesses. The effect of the newly dis-
covered evidence tends only to impeach the credit of Frank Brittain.
Moreover the accused states in his motion that Justice and Palmer
reside at certain street numbers in the city of Atlanta. He does
not exhibit their affidavits or allege any excuse for his failure

to do so. He does not even state what reason he has to believe that these persons will testify as he claims. Newly discovered evidence as a ground for new trial is not favored by the law, and the movant should have produced the affidavits of Justice and Palmer or have assigned a reasonable excuse for their non-production. Sears v. Anderson, 12 Ga. 461.

3. We have carefully gone over the evidence and considered the criticisms upon its sufficiency as urged by counsel for the plaintiff in error in his brief, and have reached the conclusion that the evidence warrants the verdict.

Judgment affirmed. All the Justices concur.