## 1894. PHILLIPS LUMBER COMPANY *v.* SMITH.

1. Newly discovered evidence, merely cumulative and impeaching, affords no ground for new trial, especially where its existence could have been known at the trial, by the exercise of slight diligence. Nor should a motion for new trial be granted upon the ground of newly discovered evidence, where the affidavit required of the attorney is not signed by the affiant.

2. One of the issues in the case being whether the plaintiff was employed by the month, and there being testimony that he was so employed, as well as testimony that he was employed by the day, it was not error for the court to charge as follows: "That wages are paid at a stipulated period raises the presumption that the hiring is for such period, if nothing in the contract shows that the hiring was for a longer or shorter period. An indefinite hiring may be terminated at will by either party.

3. It was not error to exclude testimony tending to show that the plaintiff had earned money during the month for which he was claiming wages of the defendant. Evidence of such earnings on the part of one suing for wages, alleged to be due him by reason of the fact that there has been a breach of contract by the employer, is not admissible in mitigation of the plaintiff's demand, unless the employer has thus specially pleaded such earnings as a defense to the action.

4. The language employed by the court in ruling upon testimony was not in the slightest degree violative of § 4334 of the Civil Code, as expressing an opinion.

5. The evidence authorized the verdict, and there was no error in refusing a new trial.

Complaint from city court of Miller county—Judge Bush. May 7, 1909.

Submitted June 28,—Decided December 24, 1909.

*W. I. Geer,* for plaintiff in error.   *P. D. Rich,* contra.

RUSSELL, J.   The plaintiff brought suit for the unpaid balance of his wages for the month of December, 1907, which he claimed amounted to $72, with interest at seven per cent.   A verdict was rendered in his favor on March 10, 1909, for $78.02.   This appears to be the exact amount of his demand, with seven per cent. interest to the date of the judgment; so there is no point in the contention that he recovered an amount larger than he sued for. The real issue in the case was whether he was employed by the defendant by the day or by the month.   The plaintiff contended that he was to be paid $75 a month; while testimony in behalf of the defendant was that he was to receive $3 a day for every day that he worked.

1.   The first ground of the amendment to the motion for a new trial is based upon alleged newly discovered evidence, to the effect that the general manager of the company has discovered from the books that the plaintiff was not paid $75 for the month of November, 1907, but only $69.75 for that month.   This evidence (inasmuch as the plaintiff was suing for wages for the month of December), if it was material at all, is merely cumulative of testimony offered at the trial by the same witnesses whose affidavits support this ground of the motion.   Consequently the court would not have erred in overruling this ground of the motion, even if it had appeared that the information could not have been acquired by the exercise of ordinary diligence.   Inasmuch, however, as it appears that the time book from which such information ought to have been received was in court at the time of the previous trial, and, even if it had not been, the exercise of even slight diligence on the part of the officers of the company would have made them familiar with its contents, the court was right in taking the view that ordinary diligence was not exercised.   There is nothing in the point that the defendant had no idea that the plaintiff would swear that he was under contract to work for $75 a month; for the plaintiff expressly so charged in his petition.   We allude to these points only because we are impressed with the weakness of this ground of the motion.   The court could properly have overruled it for the reason that the affidavit of movant's counsel in support of this ground is not signed by the affiant.

2.   The court did not err in charging as complained of in the second ground of the motion, in the language quoted in the second headnote.   The language employed by the judge conforms to §2614 of the Civil Code, so far as the same is applicable to the facts of the case.

3.   The third ground of the motion, in which complaint is made that the court excluded the testimony in regard to the plaintiff's work on a bridge during the month of December, and what he may have received therefor, is not fully verified by the court.   The judge states that he ruled out the testimony as to what Mr. Smith received, but did not rule out testimony that he worked upon the bridge during December.   There would have been no error if the judge had ruled as the plaintiff in error contends, and excluded not only the testimony as to what Smith may have made in working for Christie on the bridge, but also the fact that he worked at all. "Prima facie, the measure of recovery in behalf of an employee who is wrongfully dismissed, pending the term, and who sues after the term of hiring has expired, is full pay at the contract rate.   In order to mitigate the recovery by reason of earnings which the dismissed employee realized or might have realized in serving other employers, intermediate the dismissal and the expiration of the term, the mitigating facts must be proved as matter of defense; and to lay the foundation of proving them, they should, in Georgia practice, be specially pleaded." *Ansley* v. *Jordan,* 61 *Ga.* 483. In delivering the opinion of the court upon the subject, in the *Ansley* case, Judge Bleckley says: "If there are mitigating facts, such as that earnings were realized, or might have been, between the wrongful dismissal and the end of the term, this is matter of defense, and, under the system of practice in this State, should be pleaded.   Unless pleaded, evidence upon the subject may be rejected.   Here the appropriate plea was wanting."   Likewise, in the present case, there was no pleading to authorize the evidence. The defendant contented itself with a general denial of the several paragraphs of the plaintiff's petition.

The writ of error in the present case appears to us to be so clearly for delay that we feel constrained to grant the motion of defendant in error to award damages; and it is accordingly so ordered.

*Judgment affirmed, with damages.*