## 2525. LAMBERT *v.* THE STATE.

1. As no error of law is assigned, and as the evidence authorized the conviction of the defendant, the exercise of the trial judge's discretion in refusing a new trial will not be disturbed.

2. Pretermitting other considerations, the testimony adduced in support of the ground of the motion for a new trial which presented alleged newly discovered evidence in support of an alibi was not sufficient to have required a different result upon another trial, if a new trial had been ordered; and consequently it was not error to overrule this ground of the motion. Furthermore, some of the affiants who testified in support of this ground were witnesses at the trial, and the facts within their knowledge were also within the knowledge of the defendant, and the facts known by them might, by the exercise of ordinary diligence on the part of the defendant, have been brought to the attention of the court at the time of the original investigation.

DECIDED SEPTEMBER 6, 1910.

Accusation of assault and battery; from city court of Franklin—Judge Loftin. February 16, 1910.

*Leon Hood*, for plaintiff in error.

*D. B. Whitaker, solicitor*, contra.

RUSSELL, J. The defendant was adjudged guilty of assault and battery. According to the testimony of the prosecutrix, the judgment against him was authorized. The point is made that, after identifying the defendant, the prosecutrix did not thereafter testify that he was the person who assaulted her, because, as she was stooping down, she heard somebody behind her say, "What are you doing?" We think it quite evident from the context that though the prosecutrix did not know, while her back was turned, who it was that spoke (and therefore, in the effort to represent her mental state or her thought at that time, she used the word "somebody," instead of naming the defendant), yet after she saw who it was, she knew it was the defendant, and, in using the words "he" and "him" thereafter, she plainly referred to the defendant. It is clear, from the evidence, that the parties were well acquainted with each other; and no effort was made, by cross-examination or otherwise, to show

that the prosecutrix had any doubt about who the person was, after the time when she stated that she was stooping down, and after that individual was no longer behind her.

Such a large number of witnesses testified to the bad character of the prosecutrix, and that they would not believe her on oath, that the trial judge would have been authorized to disregard her testimony entirely. But he was not required to do so, even if there had been no testimony (as there was in this case) tending to sustain her by proof of good character. The credibility of the witnesses addressed itself solely to the trial judge, and the exercise of this right of selection is not reviewable. There is a vast difference between attempting to impeach a witness and actually destroying his testimony by successful impeachment. In the present case it is evident from the result that the witness was not impeached.

In support of one of the grounds of the motion for a new trial, Lambert presented the affidavits of several witnesses, who were properly vouched for, to the effect that he was one of the judges at a turkey shooting, at Simpson, from about one o'clock until after four o'clock on the afternoon of December 31 (which was the afternoon on which the alleged assault was committed), and that he was not out of their presence during that time. Aside from the fact that the prosecutrix only stated the time of the occurrence approximately, as being about 3 o'clock, and therefore might have been mistaken about the time, and the further fact that, so far as appears from this record, the scene of the alleged offense may be near the point where the turkey shooting was had, we can not say that the court erred in overruling this ground of the motion for a new trial, if the court reached the conclusion that the movant, by the exercise of ordinary diligence, could have adduced upon the trial the facts to which they bore witness by affidavits upon the hearing of the motion. It is significant that two of the witnesses who testified by affidavit upon the hearing of the motion for a new trial that the defendant was with them at the turkey shooting testified as witnesses at the trial. As they were with the defendant and he was in their presence at the turkey shooting, it seems to us that by merely asking the witnesses while they were on the stand the question as to the defendant's whereabouts at the time of the alleged offense, the facts which are now alleged to be newly discovered could have been elicited. So far as appears, the defendant's coun-

sel did not know anything about the turkey shooting, and therefore the showing as to diligence was sufficient as to counsel, but in exercising even a slight degree of diligence the defendant should have asked his counsel to question the witnesses, Henry J. Hardy and T. A. Lipham, and perhaps other witnesses who were at the turkey shooting, if the defendant was not with them at the time that the prosecutrix testified that he was with her. The defendant must have known this fact then as well as he did when the motion for a new trial was filed. It is not necessary to refer to other points which apparently sustain the ruling of the trial judge in refusing a new trial. No error of law is complained of. The evidence was sufficient to authorize the finding reached, and under these circumstances this court has no power to alter the result.

*Judgment affirmed.*