## CADWALADER *et al.*, executors, *v.* FENDIG.

1. The answer of the defendant, made to certain allegations concerning his relation to the corporation and participation in the sale of its property and application of the proceeds of sale, was not so evasive as to amount to an admission of such allegations.

2. The plaintiff and the defendant having introduced evidence, and the evidence being insufficient to authorize a finding in favor of the plaintiff, there was no error in directing a verdict in favor of the defendant.

3. The alleged newly discovered evidence was of such character as, under the circumstances disclosed by the record, its existence, by the exercise of ordinary diligence, could have been discovered before the trial, and there was no abuse of discretion in refusing to grant a new trial on the ground of newly discovered evidence.

NOVEMBER 16, 1911.

Complaint. Before Judge Parker. Glynn superior court. August 27, 1910.

*George W. Owens* and *R. D. Meader,* for plaintiffs.

*Harry F. Dunwody,* for defendant.

ATKINSON, J. Mrs. Leigh instituted suit against the Aiken Canning Company, a corporation, and J. W. Tatum, Albert Fendig, and J. B. Abrams. The individuals named were alleged to be stockholders and directors in the corporation. It was sought to hold them liable for a judgment obtained against the corporation, on the ground that, the corporation being insolvent, they, being officers in charge of the corporate affairs, and having notice of the plaintiff's debt, diverted its only assets from payment of the corporate debts to general creditors, including that to plaintiff, and applied them to the payment of alleged debts due to Tatum individually, and to others due to the National Bank of Brunswick, for which the bank held the individual notes of Tatum and Abrams. Out of this suit arose the questions decided in *Tatum* v. *Leigh,* 136 *Ga.* 791 (72 S. E. 235), Tatum having assigned error upon the judgment overruling his demurrer and striking certain portions of his plea. Fendig filed a separate answer, which was afterwards amended. He sought to avoid liability on the ground that he was not an officer of the corporation and had not in any manner participated in the management of the corporate affairs or misapplied its assets. Upon the conclusion of the evidence on the trial of his plea the judge directed a verdict in his favor. The plaintiff made a motion for a new trial, and excepted to the judgment refusing it. While the case was pending in this court, the plaintiff died, and her executors were made parties.

1. As an essential part of the plaintiff's case it was alleged that Fendig and the other individual defendants were officers of the corporation, and that all of them, knowing of the existence of plaintiff's debt, participated in the sale of the corporate assets and application of the proceeds of sale to individual debts due to Tatum, and also to debts due to the bank, for which Tatum and Abrams were primarily liable. Such allegations were contained in two separate paragraphs of the petition. The answer by the defendant Fendig was, that, "for want of sufficient information and recollection," he was unable either to admit or deny the allegations of those paragraphs. It was urged that such allegations related to matters peculiarly within the knowledge of defendant, and his answer was so evasive as that, under the rulings in the cases of *Horne* v. *Peacock,* 122 *Ga.* 45 (49 S. E. 722), and *Raleigh Railroad Co.* v. *Pullman,* 122 *Ga.* 707 (50 S. E. 1008), the allegations of the petition should be taken as true. While the cases cited related to pleadings somewhat similar to those under consideration, they are not identical and controlling. The Civil Code, § 5539, provides: "All such petitions shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively; and any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information." This law does not force a defendant to either admit or deny an allegation unless he can do so truthfully; but where for any cause he has not sufficient information to authorize him truthfully to admit or deny, it permits him to so state in his answer, and in that event the allegation made against him will not be taken as true. The fact that his want of information may be due to a want of recollection would be no reason for requiring him to admit or deny positively when he could not do so truthfully. The answer does not disclose any intent to evade, and is not of such character as that it should be treated as an admission.

2. On the trial the only evidence offered by plaintiff for the purpose of connecting Fendig with the corporation and the sale of its assets and the disposition of the proceeds was the answer to which reference has been made, which was relied upon by the plaintiff as an admission by the defendant. By an amendment to his

answer Fendig denied more positively the allegation tending to connect him with the corporation and the transactions to which allusion has been made, and also testified in his own behalf.   His testimony did not contain any admission that he was an officer of the corporation, or that he participated in the management of the corporate affairs, or the sale of its assets, or the application of the proceeds of sale; but, on the contrary, it tended to support his answer, as amended.   It was admitted that the directors' meeting at which the sale of the corporate assets was determined upon was had in his office, and at that time he was notified by Abrams and Tatum that one share of stock had been transferred to him; but in this connection Fendig testified that he never saw the certificate of stock, did not pay for it, was never informed that it had been given to him, and that he took no interest or part in the meeting, or any other meeting, nor did he in any wise participate in the sale of the property or applications of its proceeds.   In order to hold Fendig liable the burden was upon the plaintiff to prove his connection with the corporation and participation in the management of the corporate action whereby it sold all of its assets and applied the proceeds of sale to the payment of the debt to Tatum, and the other corporate debts for which Tatum and Abrams were primarily liable, to the exclusion of the plaintiff, an outside general creditor.   The evidence was not sufficient for this purpose; and accordingly, evidence having been introduced by both parties, there was no error in directing a verdict in favor of the defendant.

3.   One of the grounds of the motion for new trial was because of certain alleged newly discovered evidence, being the testimony of Tatum, who, it was alleged, would testify in contradiction to the testimony of Fendig, and whose testimony would tend to sustain the allegations of the plaintiff on the point that Fendig was a director, attended the directors' meetings of the corporation, and participated in the sale and disposition of the corporate assets.   It was alleged in this connection that the answer of Fendig, to which reference was made in the second division of the opinion, amounted to admissions, and that the plaintiff had no ground for anticipating that Fendig would amend his answer, and that at the time of the trial Tatum was in Alabama, three hundred miles or more away. It was also alleged in general terms that plaintiff or her counsel, by the exercise of diligence, could not have discovered this evidence

before the trial. The character of this alleged newly discovered evidence is such that it ought, for the most part, to appear from the records of the corporation, and certainly ought to have been within the knowledge of the secretary and treasurer, Abrams, as well as within the knowledge of the president, Tatum. It does not appear that the plaintiff prior to the trial sought information from either of these sources; nor does it appear upon what information upon this point the allegations were made when the petition was filed. The answer of the defendant was not such as to put the plaintiff off her guard, and, under the circumstances enumerated, the mere general allegation that plaintiff's counsel exercised ordinary diligence, being itself a mere conclusion, was not sufficient to show an abuse of discretion in refusing to grant a new trial on the ground of newly discovered evidence. Civil Code, § 6086.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*