### WILLIAMS *v.* THE STATE.

EVANS, P. J.　1. "It is not a matter of right for the accused to make a second statement to the court and jury because the State has introduced additional evidence which strengthens the case against him." *Boston* v. *State,* 94 *Ga.* 590 (21 S. E. 603) ; *Knox* v. *State,* 112 *Ga.* 373 (37 S. E. 416). Whether he should be allowed to supplement his first statement with another is discretionary with the trial court. *Dixon* v. *State,* 116 *Ga.* 186 (42 S. E. 357). In this case the court did not abuse his discretion in refusing to allow the defendant to make a second statement.

2. Certain illegal testimony was received in evidence over objection. Subsequently it was ruled out and the jury was instructed specifically not to consider it. The character of the evidence was not such as to affect the impartiality of the trial. It was not error to refuse a new trial on the complaint that this circumstance constituted prejudicial error.

3. The alleged newly discovered evidence is simply impeaching in character, and not calculated to produce a different result should a new trial be granted.

4. The evidence is sufficient to uphold the verdict, which has been approved by the trial judge.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 13, 1912.

Indictment for murder. Before Judge Charlton. Chatham superior court. August 30, 1912.

*Twiggs & Gazan,* for plaintiff in error. *T. S. Felder, attorney-general,* and *W. C. Hartridge, solicitor-general,* contra.