## 5901.  BRAGG v. THE STATE.

WADE, J.  1. Failure of a trial judge to charge the jury on the law as to impeachment of witnesses is not error, in the absence of a timely written request.  18 Enc. Dig. Ga. Rep. 109, and citations.

2. "On the trial of one indicted for the commission of a felony, other than one of those enumerated in section 1062 of the Penal Code, it is the duty of the court, whether so requested or not, to inform the jury that should they find the defendant guilty of a felony and see proper to recommend that he be punished as for a misdemeanor, their recommendation would not be binding upon the trial judge, nor effective unless approved and acted upon by him."  *Taylor* v. *State*, 14 *Ga. App.* 492 (81 S. E. 372).  In the present case the trial judge gave the jury the following instruction:  Robbery "is a felony and is punishable by imprisonment in the penitentiary.  You have the discretion and the authority to add to a verdict of that character a recommendation for misdemeanor punishment.  If you see proper to make that recommendation, a verdict of that character would be, 'We, the jury, find the defendant guilty, and recommend a misdemeanor punishment;' and in the event that recommendation is approved by the court, a misdemeanor punishment would be inflicted instead of a felony punishment."  As to this instruction the decision is controlled by the decision in *Frazier* v. *State*, ante, 365 (83 S. E. 273).

3. An assignment of error, in a motion for a new trial, on the ground that the judge presiding at the trial failed to approve the recommendation of the jury that the defendant be punished as for a misdemeanor, and imposed sentence as for a felony, is wholly without merit.  It is within the discretion of the trial judge whether he will give effect to such a recommendation, in a case in which the accused is found guilty of a felony of the kind charged in this case (Penal Code, § 1062); and where he declines to do so, and sentences the accused as for a felony, his action in so doing is not reviewable as an abuse of discretion.

4. (*a*) Applications for a new trial on the ground of newly discovered evidence are not favored by the courts (*Burge* v. *State*, 133 *Ga.* 431, 66 S. E. 243), nor should a new trial be granted on such a ground unless it appears that the testimony alleged to be newly discovered could not have been secured at the trial by the exercise of ordinary diligence.  *Copelan* v. *State*, 7 *Ga. App.* 690-691 (67 S. E. 833); *Lambert* v. *State*, 8 *Ga. App.* 206 (68 S. E. 882); *Cadwalader* v. *Fendig*, 137 *Ga.* 140 (72 S. E. 903).  In this case there was a lack of diligence as to some of the alleged newly discovered evidence, according to the certificate of the trial judge.

(*b*) Where alleged newly discovered evidence is cumulative, tends merely to increase the weight of evidence, and leaves still in doubt a material question at issue, a new trial will not be granted on account thereof.  *Dougherty* v. *State*, 7 *Ga. App.* 91 (66 S. E. 276); *Corbitt* v. *State*, 7 *Ga. App.* 13-14 (66 S. E. 152); *Phillips Lumber Co.* v. *Smith*, 7 *Ga. App.* 222 (66 S. E. 623); *Holliday* v. *Athens*, 10 *Ga. App.* 709 (7), 710 (74 S. E. 67); *Burge* v. *State*, 133 *Ga.* 431 (66 S. E. 243); and numerous other cases.  Nor will newly discovered evidence tending merely to im-

peach the State's witnesses be sufficient cause for a new trial. *Williams* v. *State*, 138 *Ga.* 825 (76 S. E. 347); *Wimms* v. *State*, 135 *Ga.* 659 (70 S. E. 254); *Bowers* v. *State*, 135 *Ga.* 310 (69 S. E. 536).

(c) The trial judge did not abuse his discretion in refusing to grant the motion for a new trial on account of the alleged newly discovered evidence.

5. The evidence for the State was sufficient to support the verdict, and there was no error complained of which would warrant a reversal of the judgment.  *Judgment affirmed. Roan, J., absent.*

DECIDED NOVEMBER 4, 1914.

Indictment for robbery; from Sumter superior court—Judge Littlejohn. July 6, 1914.

*C. R. Winchester, W. W. Dykes, J. B. Hudson,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.