## 7253.　WARE *v.* THE STATE.

WADE, J.　1. There were circumstances in proof sufficient to authorize the inference that the fire was of felonious origin rather than the result of accident or providential cause.

2. The only witness whose testimony directly connected the defendant with the crime denied complicity, and, notwithstanding proof that he had previously admitted such complicity, the jury could credit his denial in preference to his contradictory statements, and find that he was not in fact an accomplice, and therefore accept his uncorroborated evi-

dence as sufficient to connect the defendant with the crime. *Hargrove* v. *State*, 125 *Ga.* 270, 271 (54 S. E. 164).

3. "Whether or not a witness has been successfully impeached is a question solely for the jury; and they may believe him rather than the witnesses introduced to impeach him. *Williams* v. *State*, 69 *Ga.* 11 (28); *Powell* v. *State*, 101 *Ga.* 9 (5), 10 (29 S. E. 309, 65 Am. St. R. 277); *Huff* v. *State*, 104 *Ga.* 521 (2), 523 (30 S. E. 808); *Southern Railway Co.* v. *Peek*, 6 *Ga. App.* 43, 45 (64 S. E. 308.)" *Shropshire* v. *State*, 15 *Ga. App.* 345 (83 S. E. 152). Where there is an attempt to impeach a witness by proof of contradictory statements, the jury may believe his evidence notwithstanding the attempted impeachment and in the absence of corroboration. The provision of the code that "if a witness swear knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances, or other unimpeached evidence" (Civil Code, § 5884) was not intended to abridge in any degree the right of a jury to determine as to the credibility of witnesses. *Brown* v. *State*, 10 *Ga. App.* 50 (72 S. E. 537); *Solomon* v. *State*, 10 *Ga. App.* 469 (73 S. E. 623). See also *Rice* v. *City of Eatonton*, 15 *Ga. App.* 505 (83 S. E. 868).

4. The defendant may offer proof of his good character as a relevant fact tending to make his guilt doubtful (*Moulder* v. *State*, 9 *Ga. App.* 438, 71 S. E. 682); but a conviction may be sustained notwithstanding proof of good character, if there be sufficient evidence to authorize the inference of the guilt of the accused, to the satisfaction of the jury, to the exclusion of a reasonable doubt.

5. Applications for a new trial based on newly discovered evidence are not favored by the courts. *Burge* v. *State*, 133 *Ga.* 431 (66 S. E. 243). The alleged newly discovered evidence was not such as to justify this court in overruling the exercise of discretion by the trial judge in refusing a new trial therefor. It was only cumulative and impeaching in character, and it is not probable that it would produce a different result on a second trial. *Key* v. *State*, 8 *Ga. App.* 849 (70 S. E. 156); *Chapman* v. *Macon*, 8 *Ga. App.* 761 (70 S. E. 56); *Smith* v. *State*, 7 *Ga. App.* 690 (67 S. E. 842); *Rawlins* v. *Clements*, 9 *Ga. App.* 365 (71 S. E. 490); *Strange* v. *State*, 9 *Ga. App.* 204 (70 S. E. 968); *Kirk* v. *State*, 10 *Ga. App.* 450 (72 S. E. 623); *Cadwalader* v. *Fendig*, 137 *Ga.* 140 (72 S. E. 903).

6. While the evidence may not be altogether satisfactory as to the guilt of the accused, the jury were the sole judges of the credibiilty of the witnesses; and since there was some testimony to support the verdict, which has been approved by the trial judge, this court is without power to set the verdict aside.                          *Judgment affirmed.*

DECIDED MAY 18, 1916.

Indictment for arson; from Coweta superior court—Judge R. W. Freeman. January 20, 1916.

*W. A. Turner, A. H. Freeman,* for plaintiff in error.

*J. R. Terrell, solicitor-general, W. L. Stallings,* contra.