*J. L. Mayson, S. D. Hewlett,* contra.

---

### 8463. TURNER *v.* THE STATE.

1. In giving to the jury, in substance, the provisions of the Penal Code as to the right of the accused to make a statement to them, not under oath, and as to the weight and credit they could attach to it, the court did not err in saying: "he incurs no penalty should he not speak the truth."

2-3. No intimation of opinion as to guilt was made in the instructions complained of.

4. The alleged newly discovered evidence did not require a new trial. It was impeaching and not such evidence as probably would produce a different verdict.

5. A new trial is not required by affidavits of jurors that they would not have agreed to the verdict of guilty of assault with intent to murder if they had not thought that the recommendation to mercy, which was a part of the verdict, would reduce the punishment to that of a misdemeanor.

DECIDED JUNE 13, 1917.

Indictment for assault with intent to murder; from Pike superior court—Judge Searcy. January 13, 1917.

*E. F. Dupree, H. A. Rider, Henry O. Farr,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

WADE, C. J. 1. There was no error in adding to the instruction, "This statement is not made under oath," the words, "and he incurs no penalty should he not speak the truth," in reference to the statement of the defendant to the jury, not made under oath, when they are taken in connection with the full and fair instruction given to the jury as to the weight and credit they might attach to such statement, including the specific instruction that the jury might believe this statement in preference to the sworn testimony in the case, and might "believe it all, or none of it, . . believe a part and disbelieve a part of it," "and should give it such weight and credit as [they] think it is entitled to." Penal Code (1910), § 1036. See *Webb* v. *State,* 8 *Ga. App.* 430 (5) (69 S. E. 601).

2. The following excerpt from the charge of the court is ob-

jected· to: "If you do not, or have a reasonable doubt of it, you can not convict the defendant of the offense of assault with intent to murder, and it would be your duty to acquit him of that charge." The defendant was charged with the offense of assault with intent to murder, and was found guilty of that· particular crime. The exception taken is that the use of the words, "of that charge," amounted to "an express intimation on the part of the court that, while it would be the duty of the jury to acquit him of that charge [if not convinced of his guilt beyond a reasonable doubt], he was of a necessity guilty of some charge;" and also that.the use of the expression "'of that charge' placed entirely too much emphasis on the fact of the charge of assault with intent to murder," and thus conveyed an intimation that in the opinion of the court the defendant was guilty "of that charge." This ground of the· motion is argued in the brief of counsel, and therefore is specifically passed upon. It is sufficient to say that in the opinion of this court the exception is wholly without merit.

3. The plaintiff in error excepts to the following excerpt from the charge of the court: "The defendant is charged with the offense of assault with intent to murder, if you find him guilty of this charge the form of your verdict will be, 'We, the jury, find the defendant guilty;'" the exception urged being that the attention of the jury was thereby directed to the fact "that in the opinion of the court, that 'of this charge' he is guilty, whereas, in the remainder of.his instructions he merely directs their attention to the form of verdict to be written by them in the event evidence authorizes such verdict." This excerpt is further excepted to as amounting to a direction by the court to the jury that first and foremost they must direct their attention to this offense, and "thus it does not leave·the jury free to act as both the judges of the law and the facts, but directs them to search diligently with reference to 'this charge,'" and "is both opinionative and suggestive." The language complained of was properly used in instructing the jury as to the form of their verdict in the event they believed the defendant to be guilty of the offense of assault with intent to murder, as distinguished from the form of verdict to be returned in case the jury should determine that he was not guilty of this offense, but guilty of the lesser offense of stabbing, or of assault and battery.

4. Applications for new trial on the ground of newly discovered evidence are not favored by the courts. *Burge* v. *State,* 133 *Ga.* 431 (2) (66 S. E. 243). The alleged newly discovered evidence is to the effect that the prosecutor, who testified to the assault for which the accused was convicted, stated to the witness in a conversation, shortly after the occurrence, that he "did not blame Arthur Turner [the defendant] for cutting him, that he was almost against the buggy, that Turner asked him who he was, but he did not speak, that he ought to have spoken, but that he did not, and for that reason he didn't blame Turner for what he did." This evidence is clearly impeaching in its nature, as it contradicts the testimony delivered by the witness at the trial, and it is not of such importance as to create a probability that it would produce a different result on a second trial. See *Ware* v. *State,* 18 *Ga. App.* 107 (5) (89 S. E. 155), and cases there cited.

5. There is no merit in the 5th ground of the amendment to the motion for a new trial, insisting that a new trial should be granted because, according to affidavits furnished by them, ten of the twelve jurors who agreed to the verdict of guilty, with recommendation to the mercy of the court, did so because they understood that the effect of the verdict would be to impose upon the defendant a misdemeanor punishment only, and otherwise they would not have assented thereto. "An affidavit given by a juror after the verdict was rendered, to the effect that he did not voluntarily assent to the verdict, can not be received. A juror will not be heard to impeach the verdict after its record." *Redfearn* v. *Thompson,* 10 *Ga. App.* 550 (5) (73 S. E. 949). In *Bishop* v. *State,* 9 *Ga.* 121, 125, it was held that the affidavit of a juror not denying the guilt of the accused, but stating that the juror was induced to agree to the verdict by the persuasion of his fellow jurors, and even by their *misrepresentations* "as to the effect of the verdict," could not be received to impeach the verdict returned. This rule has been uniformly adhered to (*Scott* v. *State,* 138 *Ga.* 29 (2), 74 S. E. 687) ; and this ground of the motion for a new trial is without merit. Any different rule would effectually impair the value of jury trials, make all verdicts uncertain and subject to change, and render the impartial enforcement of the penal laws often difficult and sometimes impossible.

6. The evidence sufficiently supported the verdict returned, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*