9917. SOCIAL CIRCLE COTTON MILL CO. *v.* RANSOM.

1. Refusal to grant a new trial on account of newly discovered impeaching testimony was not an abuse of discretion.

2. The charge of the court was not subject to the exception that the use of the words "agents or servants" extended the defendant's liability to acts of others than authorized agents.

3. Failure to charge the jury that if the plaintiff was guilty of some negligence, but not of such negligence as would prevent a recovery, the defendant would be entitled to a diminution of damages was not error, there being no plea of contributory negligence, and no request so to charge.

4. The instruction to the jury that as a part of mental suffering they might consider deformity, as the plaintiff would be entitled to recover damages for the consciousness he would carry through life of being a deformed person, was not subject to the exception that the pleadings did not authorize such an instruction.

5. The rule that a ground of a motion for a new trial as to the admitting of evidence will not be considered by this court when it is so incomplete as to require reference to the brief of evidence in order· to understand it applies to the ground that the court erred in admitting testimony that the witness "saw the little boy in the mill."

DECIDED APRIL 19, 1919. · REHEARING DENIED MAY 13, 1919.

Action for damages; from Walton superior court—Judge Cobb. May 15, 1918.

*Orrin Roberts,* for plaintiff in error.

*Sloan & Sloan, B. P. Gaillard, A. C. Stone,* contra.

WADE, C. J. 1. Applications for a new trial on the ground of newly discovered evidence are not favored by the courts (*Burge*

v. *State,* 133 *Ga.* 431, 66 S. E. 243), and a new trial will not be granted on such a ground where it appears. that the alleged newly discovered evidence tends merely to impeach a witness for the plaintiff. Civil Code, § 6086; *Bragg* v. *State,* 15 *Ga. App.* 368 (83 S. E. 274) ; *Williams* v. *State,* 138 *Ga.* 825 (76 S. E. 347); *Wimms* v. *State,* 135 *Ga.* 659 (70 S. E. 254) ; *Bowers* v. *State,* 135 *Ga.* 310 (69 S. E. 536), and numerous other cases. The trial judge did not abuse his discretion in refusing to grant the motion for a new trial on account of the alleged newly discovered evidence.

2. Complaint is made that the court erred in charging the jury as follows: "It is the duty of the defendant to comply with this law, and to see that it is not violated by itself or its agents or servants, and the defendant through its agents and servants must exercise ordinary care in carrying the law into effect; but if you believe, from the evidence, that the defendant exercised ordinary care in its efforts, if it made any, to enforce the law, and, notwithstanding the exercise of ordinary care on its part, the plaintiff was in the mill and at the time of the alleged transaction was there without its knowledge or consent, or the knowledge or consent of its *authorized agents* [italics ours], then the defendant would not be liable." Error is assigned on .the ground that the use of the words "its agents or servants" was too broad and extended the defendant's liability to acts of all persons engaged in and about its mill, and that no explanation was made as to what persons were included in the phrase ".authorized agents." Even if the words "its agents or servants" were too broad, the excerpt. complained of shows that the court in the same connection so qualified and limited the defendant's liability to the acts of its "authorized agents" as to render the error (if error at all) harmless. If the defendant desired any fuller charge on this subject, it should have made written request therefor.

3. It is complained that the court erred in failing to charge the jury upon the question of diminution of damages. This exception is without merit, there being no plea setting up contributory negligence, and no timely written request so to charge. *Southern Railway Co.* v. *Weatherby,* 20 *Ga. App.* 399 (93 S. E. 31), and numerous cases there cited.

4. Error is assigned on the following instruction to the jury:

"As a part of mental suffering you may also consider deformity, as the plaintiff would be entitled to recover damages for the consciousness which he will carry through life of being a deformed person;" the objection to this instruction being that "the pleadings did not authorize the charge as stated, and [it] was error and harmful to movant." The petition alleged that the plaintiff "is permanently injured, in that all of the fingers of his left hand have been severed, and he will be a cripple for life; that the suffering from his crippled, mangled, and lacerated hand has been the most excruciating; that he has suffered intensely, and that he will continue to suffer for and during his life; that he is rendered a cripple for life and must go through life with only one hand, all on account of the negligence and unlawful conduct of said defendant company." There being evidence to support these allegations, the charge complained of was authorized. "Allegation as to pain authorizes proof of mental suffering, and (where the evidence authorizes) a submission of this element of damage to the jury. *Nashville Railway Co.* v. *Miller,* 120 *Ga.* 453 (6), 459 (47 S. E. 959, 67 L. R. A. 87)." *Wrightsville & Tennille R. Co.* v. *Tompkins,* 9 *Ga. App.* 154 (2), 160, 161 (70 S. E. 955). See *Central R. Co.* v. *Lanier,* 83 *Ga.* 587, 588 (10 S. E. 279).

5. It is complained that the court erred in admitting, over the objection of defendant's counsel, the following testimony: "I saw the little boy in the mill." Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete in itself. If it is so incomplete as to require a reference to the brief of evidence to render it intelligible, it will not be considered by the reviewing court.

6. There was evidence to support the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*