21810. BOOTH *et al.* v. RICKERSON.

STEPHENS, J. 1. This being a suit against a county policeman and the surety upon the policeman's official bond, to recover for damage to the plaintiff's automobile, resulting from its being forced off the road and caused to collide with a post, as a result of the conduct of the defendant policeman in running his own automobile into the road ahead of the automobile operated by the plaintiff, after having pursued the plaintiff and overtaken him on the road, and also to recover for damage caused by the defendant policeman to certain non-contraband property belonging to the plaintiff and found in the plaintiff's automobile, such as a gun which the plaintiff had a right to carry, and the evidence authorizing the inference that the property of the plaintiff was damaged by the negligent conduct of the defendant policeman in operating his automobile and otherwise damaging the plaintiff's property, the verdict found for the plaintiff against both defendants was legally authorized. Whatever right, if any, the defendant policeman may have had to pursue the plaintiff along a public road for the purpose of apprehending the plaintiff for a violation of law, and to overtake and head off the plaintiff's automobile, the duty rested upon the policeman to perform this duty with due care, and not, in so doing, to negligently wreck and damage the plaintiff's automobile.

2. It being inferable from the evidence adduced upon the hearing of the defendant's motion for a new trial that the defendant policeman had knowledge of the fact that one of the jurors was related within the

prohibited degree to the plaintiff, and there being no evidence by affidavit or otherwise, from any agent of the other defendant or from counsel for both defendants, that they did not know of the relationship of the juror to the plaintiff, and could not, by ordinary diligence, have discovered this ˙relationship, before trial, the court did not abuse its discretion in overruling this ground of the motion for a new trial. Civil Code (1910), § 6086; *Pharr* v. *Davis,* 133 *Ga.* 759 (66 S. E. 917) ; *Phillips Lumber Co.* v. *Smith,* 7 *Ga. App.* 222 (66 S. E. 623).

3. The evidence authorized the inference that the damage to the plaintiff was caused by negligence in the discharge by the defendant policeman of his official duty, and the surety upon his official bond is liable to the plaintiff for the damage.

4. The evidence authorized the verdict found for the plaintiff against both defendants, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*Q. L. Williford,* for plaintiffs in error.    *E. H. George,* contra.