28184. BENTON RAPID EXPRESS INC. *v.* SAMMONS.

DECIDED JULY 16, 1940.

*D. D. Veal,* for plaintiff in error.

*R. C. Whitman, Lula G. Whitman,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

1. W. D. Stribling, who ran a garage in Eatonton and who was agent for the defendant in that city, was placed upon the witness-stand by the plaintiff. The plaintiff's counsel at the time stated to the court that the witness was an agent of the defendant, and that the plaintiff desired to examine him as an adverse party. Where-upon counsel for the defendant stated that the witness was not a party to the case, and objected to the plaintiff's cross-examination of him. The plaintiff's counsel then stated that he did not care so

much about cross-examining the witness, and proceeded to examine him directly, eliciting from him the following testimony: "My name is W. D. Stribling, and I am familiar with some of the drivers of Benton Rapid Express through Eatonton. The name of the man sitting there is Sailors." Upon the conclusion of this examination by the plaintiff's counsel, counsel for the defendant sought to cross-examine the witness. In response to questions propounded by counsel for the defendant, this witness stated: "I live at Eatonton, and I run a garage." The plaintiff's counsel at that point objected to the cross-examination of this witness by counsel for the defendant, and this objection was sustained by the court. Thereupon counsel for the defendant asked the court, "Is your honor refusing us the right to cross-examine him?" The court answered, "Yes." The court then ruled that the plaintiff did not have any right to put Stribling up as an adverse party, and ruled out his testimony, instructing the jury not to consider the testimony of this witness, and, "So far as his presence in this court is concerned you will eliminate that from your mind entirely, because I should not have permitted him to be put up at all." At the conclusion of the evidence counsel for the defendant again offered to put up Stribling as a witness for the purpose of cross-examination, which the court refused to permit, ruling, "No, you put him up as your witness or leave him alone." To this last ruling of the court in refusing to permit counsel for the defendant to cross-examine this witness the defendant excepted, and assigned error in the motion for new trial, on the ground that the refusal to permit such cross-examination "was an abridgment of the right of each party to cross-examine every witness called against him, and was a denial to movant of the right of cross-examination; movant contending that the plaintiff called said witness to the stand and examined him in chief, and which said witness testified in favor of the plaintiff and in the presence of the jury." Irrespective of the question whether the court erred in refusing to the defendant's counsel the right to cross-examine the witness, and whether or not it was proper for the witness to be placed on the stand by the plaintiff as an adverse party, or whether he was on the stand as such, it appears that the only objection the defendant's counsel made to the refusal of the court to permit the examination of the witness is that he offered to put the witness back on the stand for the purpose of cross-examination,

and the court then refused to permit this to be done. It is only to this ruling that exception is taken in this ground. If it had any right, the defendant waived the right to cross-examine the witness by submitting to the former ruling of the court and by failing to except thereto.

2. The court charged the jury the provisions of Code, § 68-301, relative to regulation of the speed of trucks and other motor vehicles upon public highways of this State. The defendant contends that a part of such section was not applicable, and that the court should not have charged the entire section. The evidence showed that the combined truck and cargo weighed between 10,000 and 16,000 pounds, and there was no evidence tending to show that the speed of the truck exceeded twenty-five miles an hour. There was no evidence that the tires on the truck were either metallic or solid. It is a matter of common knowledge that the majority of the motor vehicles in use on the highways of this State use pneumatic tires. The only portion of the above section applicable to this case is: "No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard to the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property, in any respect whatsoever; but said speed shall not exceed that tabulated below; Total gross combined weight of motor vehicle and load in pounds . . 10,000 to 16,000 . . speed in miles per hour . . kind of tires . . pneumatic . . 25." The other portions of this section, relative to motor vehicles of greater or less weight, or motor vehicles equipped with tires of a kind other than pneumatic, were not applicable. It is not cause for a new trial that the court read in charge to the jury a Code section, part of which was applicable to the case and part not, where it does not appear that the reading of the inapplicable part was calculated to mislead the jury or was prejudicial to the rights of the losing party. *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133) ; *Floyd* v. *Boss,* 174 *Ga.* 544 (5) (163 S. E. 606) ; *Williams* v. *McCranie,* 27 *Ga. App.* 693 (109 S. E. 699). Under the facts in this case it does not appear that the jury were confused or misled by the charge of the entire Code section, or were likely to have applied the other provisions of such section to the defendant. No error appears from this ground of the motion.

3. The defendant contends that the court erred "in failing to charge the law of contributory negligence or comparative negligence, and failed to instruct the jury as to the degree of care and diligence required of the plaintiff in the premises." There was no request for any instruction upon this question. The plaintiff alleged that the mule was killed as a result of the negligence of the defendant in the operation of its motor truck. The defendant denied any negligence on its part, and alleged that the death of the mule "was brought about by reason of the careless and negligent acts of the plaintiff." There was no plea by the defendant of comparative negligence, and apportionment or diminution of damages. It does not appear that the amount of damages should be diminished by reason of contributing negligence on the part of the plaintiff. The court charged the jury that failure of the plaintiff to "exercise care" would prevent a recovery by him, and that the plaintiff was bound by law to exercise ordinary care in the preservation of his property. In such a case the failure of the court to charge the law as to comparative negligence and consequent diminution of the damages, in the absence of a timely written request, is not cause for a new trial. *W. & A. R. Co.* v. *Jarrett,* 22 *Ga. App.* 313 (3), 323 (96 S. E. 17) ; *Social Circle Cotton Mills* v. *Ransom,* 23 *Ga. App.* 605 (3) (99 S. E. 238) ; *Ga. R. &c. Co.* v. *Brooks,* 30 *Ga. App.* 692 (119 S. E. 424) ; *Cavanaugh* v. *Biggin,* 9 *Ga. App.* 466 (2) (71 S. E. 779), and cit.; *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306) ; *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (2), 233 (94 S. E. 50) ; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 424 et seq. (60 S. E. 1056), and cit.; *Stallworth Taxicab Co.* v. *Subers,* 28 *Ga. App.* 812 (4) (113 S. E. 223), and cit.; *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 586 (188 S. E. 566).

4. The court charged the jury as follows: "Now, failure to exercise care on the part of the plaintiff, about which he complains, will prevent him from a recovery by the plaintiff of any amount. If you find there was no negligence properly attributable to the defendant, then this rule would apply." In the first sentence of this instruction the court in effect stated that failure to exercise due care as to the protection of his property on the part of the plaintiff, as a result of which his mule was killed, would prevent the plaintiff from recovering any amount. This sentence of the instruc-

tion was not unfavorable to the defendant. *Smith* v. *Smith,* 141 *Ga.* 629 (5) (81 S. E. 895). However, in the sentence immediately following, the court instructed the jury, "If you find there was no negligence properly attributable to the defendant, then this rule would apply." What rule? The rule that the plaintiff could not recover if his failure to exercise ordinary care in the premises resulted in the death of the mule; and the jury were told that such rule would be applicable only if the jury found that there was no negligence properly attributable to the defendant. The jury were instructed that the plaintiff's failure to exercise ordinary care would prevent a recovery by him only if the jury found that there was no negligence properly attributable to the defendant. The jury might have understood the court to charge, and this instruction tended to have that effect, that the plaintiff's failure to exercise ordinary care would not necessarily prevent a recovery by him if there was any negligence properly attributable to the defendant. Negligence has been defined to be a failure to exercise ordinary care. The purport of this charge was that the rule that the negligence of the plaintiff, resulting in his injury or loss, would bar his recovery, would apply only where the jury found that the defendant was not negligent in any particular. This was not a correct statement of the law, and was harmful to the defendant. Even where the defendant was found to have been negligent, if the plaintiff failed to exercise ordinary care and this failure caused the death of the mule, the plaintiff would not be entitled to recover.

The Code, § 105-603, provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." The defendant alleged that the death of the mule was caused by careless and negligent acts of the plaintiff. On the trial the defendant contended that, while the mule was killed by the operation of its motor vehicle, the plaintiff's failure to exercise due care in regard to his property, or the plaintiff's negligence in regard to his own property, was the proximate cause of the destruction of his property. Failure on the part of the court to properly instruct the jury, in a case like the one under consideration, that if the plaintiff by the exercise of ordinary care and diligence could have avoided the loss of his property he can

not recover for his loss, is error. The charge here complained of, in effect, and particularly when considered in connection with the charge as a whole, instructed the jury that it was the duty of the defendant to avoid injury to the plaintiff's property at all events; but that if it failed in the slightest regard, the plaintiff could recover even though he failed to exercise due care to protect his own property and the loss of his property was the result of his own failure to exercise due care or his own negligence in regard thereto. A charge which tends to convey to the jury the idea that a verdict may be rendered for the plaintiff simply because the defendant was negligent, without regard to the plaintiff's diligence in the premises, is error. *W. & A. R. Co.* v. *Jackson,* 113 *Ga.* 355 (2) (38 S. E. 820). Furthermore, if the defendant was negligent and the plaintiff also was negligent, and the negligence of the plaintiff was equal to or greater than that of the defendant, the plaintiff would not be entitled to recover. *Christian* v. *Macon Railway & Light Co.,* 120 *Ga.* 314 (47 S. E. 923); *Wadley* v. *Dooly,* 138 *Ga.* 275 (5) (75 S. E. 153); *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.* 631 (127 S. E. 812); *Pollard* v. *Heard,* 53 *Ga. App.* 623, 626 (186 S. E. 894). The court erred, as complained of in this ground, and this error requires the grant of a new trial.

5. In ground 5 it is complained that the court erred in charging the jury as follows: "I charge you another principle of law that possibly enters into this case;" and then proceeded to charge on the substantial principles of unavoidable injury under the law of accident. The complaint is that the court improperly submitted to the jury the law relative to unavoidable injuries and accident, by the use of the phrase, "possibly enters into this case," whereas the court should have "charged the jury positively that they would be authorized to consider the question of accident." An examination of the portion of the charge of the court here referred to, and set forth in this ground, shows that the court instructed the jury that if they found that the death of the mule was "a pure accident, and the defendant by the exercise of ordinary care and diligence could not have avoided the consequences, or if it was a pure accident, then the defendant would not be liable," and "if this was an unavoidable accident, and there was no negligence on the part of any one, why then, under the law, the defendant would not be held responsible for the death of that mule." It thus appears that the

defendant was not harmed by the use of the phrase "possibly enters into this case," in prefacing the charge on the question of accident. The court positively instructed the jury that if the mule was killed by reason of a pure accident, unmixed with any negligence on the part of the defendant, then the defendant would not be liable.

6. There was no request to instruct the jury as to the duty of the owners of live stock in no-fence-law counties, to keep such stock properly confined within fences or other enclosures, and that in such counties the law prohibited such animals running at large and loose upon the roads and highways. In these circumstances the failure of the court, without a request so to charge (there being no pleading or evidence as to the existence of such law in the case), was not error. The only evidence on this question was that at the time involved the mule was kept in a stable about five miles from the home place of the plaintiff, and that the mule evidently "pawed" the stable door open, broke loose, and got upon the highway.

7. The charge complained of in ground 7, that the jury "have the right to take your own knowledge of the value, and the value of the mule has first got to be shown," when considered in connection with the evidence and the charge in its entirety, was not error. Such instruction was not in effect, as contended by the defendant, a charge to the jury to take their own knowledge of the value of the mule as a basis for fixing its value, and to disregard entirely the evidence introduced on the subject. The court instructed the jury as follows: "There is some other evidence admitted here with reference to the value of the property. Now that is set out for special damages, and the petition calls for special damages in the amount of $300. Direct testimony on the market value is in the nature of opinion evidence; and I charge you that the question of the value of the article is peculiarly for the jury, and that body is not absolutely bound by the opinion or estimate of the witnesses on that subject. . . Then the next question for you to consider was what was the value of that mule, which I have already given you the law as to that. Now the contention of the plaintiff in the case is that the mule was worth $300. That is a question for you to decide under the evidence as applied to the law and facts and your knowledge. You have the right to take your knowledge of the value, and the value of that mule has first got to be shown." This means

34

that the jury could estimate the value of the mule from evidence other than of value. The plaintiff testified that the mule was a young mule, and was worth $300. There was no testimony that the mule was not worth this sum. Testimony of a witness for the defendant was that the mule was not as young as claimed and testified to by the plaintiff, but this witness did not place on the mule a value less than that placed on it by the plaintiff in his testimony.

8. Complaint is made in ground 8 that the court erred in charging the jury that "negligence is the omission of diligence in the management of one's affairs, and negligence arises from a breach of duty, and which breach proximately causes the injury." This charge "was an incorrect statement of the law and was misleading, and tended to confuse the jury as to the correct rule by which they should determine the question of negligence and proximate cause," as contended by the defendant. The negligence charged to the defendant must be the proximate cause of the injury sustained by the plaintiff, before the defendant will be liable in damages for injuries caused by such negligence.

9. In ground 9 the defendant contends that the court erred in failing to charge the jury that, "before they would be authorized to find a verdict against the defendant, they would first have to be satisfied by the evidence that the defendant was negligent; and second, that such negligence on the part of the defendant was the proximate cause of the injury sustained by plaintiff's mule." While the court correctly charged that before a recovery could be had against the defendant the jury would have to find that the defendant was negligent, the court nowhere in its charge correctly and substantially instructed the jury that before a recovery could be had against the defendant the jury should find that "such negligence on the part of the defendant was the proximate cause of the injuries sustained by plaintiff's mule." It is error, even without a request, in a suit for damages predicated on alleged negligence of the defendant, for the court to fail to instruct the jury the correct rule on the question of proximate cause.

10. Because of the errors dealt with in divisions 4, 8, and 9 of this opinion, the court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, J., concurs. Felton, J., concurs in the judgment.*