## 37864. SMITH v. THE STATE.

MARSHALL, Justice.

This is a murder case in which the appellant was sentenced to life imprisonment. Although no eyewitnesses testified that they actually observed the appellant kill the victim, the evidence can be accurately described as overwhelming. Essentially, this is what happened:

---

On the evening of September 1, 1979, the victim, Charles Allen, and the defendant, Norman Smith, attended a party on Harris Road in Paulding County. Neither of them had been invited to the party, and they were both acting belligerently toward one another as well as others. Witnesses testified that Smith brandished a large knife and threatened to stab Allen. There was testimony that Allen was also in possession of a knife.

Allen later became involved in an altercation with Gary Weaver. When the fight ensued, Smith forcefully retrieved his knife from someone who had taken it from him earlier, and he went to witness the fight. He began acting very wildly, "like a mad dog," and he began yelling and hollering at Weaver to "kill that S. B., kill him."

Allen lost the fight with Weaver, and he began walking down the driveway in order to leave. Several witnesses testified that Smith followed Allen down the driveway, opened his knife, and threatened to stab Allen in the heart. The two of them continued walking down the driveway into the darkness.

Several minutes later, Allen was discovered lying in the driveway. He had incurred stab wounds to the chest and arm, as well as a stab wound in the head which penetrated his brain. Approximately 30 minutes after the fight between Weaver and Allen, Smith returned to the party in an extremely disheveled condition with "blood on his hands and blood on the knife." Several witnesses testified that Smith said that he had "just killed a dude . . . killed the hell out of him"; that he had "stabbed him several times"; and that "that guy wasn't wearing no more clean shirts, and that he'd go to no more parties, or would breathe no more air."

After the trial, the defense discovered that Chris Baxter, one of the attendants at the party who had gone to help the victim after he had been stabbed, found a knife lying on the driveway approximately 75 feet from the victim's body. This knife did not have any blood on it; however, it was turned over to the police. It was never established to whom the knife belonged. The knife was sent to the State Crime Laboratory, and there is a report from the State Crime Laboratory in the prosecutor's files. However, the report does not contain the results of any tests or examinations run on the knife.

Prior to trial, the defense had made a motion for discovery under the authority of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). In this motion, the defense requested a wide-ranging assortment of documents and articles, e.g., copies of all reports and memoranda connected with the charges against the defendant, statements of all persons made to any law enforcement officer in any way connected with the case, names and addresses of all persons who may have some knowledge of fact of the present case.

The results of all reports of any scientific tests or experiments made in connection with the case were also requested in the motion for discovery. See Code Ann. § 27-1303 (Ga. L. 1980, p. 1388). However, as previously stated, the State Crime Laboratory report in the prosecutor's file does not contain the results of any tests or experiments run on the knife.

In this appeal, the appellant's argument is that the trial judge erred in denying his motion for new trial on the ground that this newly-discovered evidence should have been disclosed to the appellant under his motion for discovery.

The state argues that there was no claim of self-defense asserted by the defense at trial and that the evidence in this case is overwhelming. Therefore, it is the state's position that under the record here, the evidence concerning the knife is not so material that the failure of the prosecution to disclose it denied the appellant a fair trial, thereby requiring a reversal of the conviction under *Brady.* We agree.

The motion for discovery filed by the defense in this case constituted a request for essentially "a complete and detailed accounting of all police and investigatory work" on the case. Moore v. Illinois, 408 U. S. 786, 795 (92 SC 2562, 2568, 33 LE2d 706) (1972). As noted in Moore v. Illinois, supra, there is no such constitutional requirement. Therefore, the prosecutor was authorized in treating this as a general request for exculpatory matter under *Brady.*

In United States v. Agurs, 427 U. S. 97, 112 (96 SC 2392, 49 LE2d 342) (1976), the Supreme Court enunciated the following standard for determining whether the prosecution's failure to disclose evidence to the defense in this situation is so material that the grant of a new trial is constitutionally required: "The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."

Under the present record, the evidence of the knife does not create a reasonable doubt that did not otherwise exist. In fact, under the present record, it does not appear that the evidence of the knife is even exculpatory.

It necessarily follows that the appellant is also not entitled to a new trial under the six-point test utilized in this state for determining whether a motion for new trial should be granted on grounds of newly discovered evidence. See, e.g., *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971); *Burge v. State,* 133 Ga. 431, 432 (66 SE 243) (1909). In this connection, we note that Chris Baxter's name was included in the state's list of witnesses provided to the defense. Therefore, the trial judge was authorized in ruling that through due diligence, the appellant could have acquired this evidence sooner.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 1981.

*Talley & Talley, James B. Talley, Jr., Vinson & Osborne, Kenneth G. Vinson,* for appellant.

*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney, Michael J. Bowers, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.